[No. B146996. Second Dist., Div. Three. Apr. 18, 2002.]

ANDREW KEATING FORTHMANN as Cotrustee, etc., et al., Plaintiffs and Respondents, v.
JOHN F. BOYER, Defendant and Appellant.

**COUNSEL**

Law Offices of Robert S. Gerstein and Robert S. Gerstein for Defendant and Appellant.

Paul, Hastings, Janofsky & Walker and Belinda K. Orem for Plaintiffs and Respondents.

**OPINION**

**CROSKEY, J.**—The appellant, John F. Boyer, an income beneficiary of the Rosanna Forthmann Testamentary Trust (hereafter the Trust), appeals from the trial court's order approving the "Sixty-First Account Current" and report (for the year 1999; hereafter the 1999 Accounting) submitted by the cotrustees of the Trust. The current cotrustees are the respondents.[1]

The trial court refused to grant Boyer an additional 210-day continuance of an already twice-continued hearing on the trustees' petition for approval of the 1999 Accounting. Without filing any objections to the 1999 Accounting, Boyer sought the continuance in order to conduct discovery "to evaluate *whether or not* any response on objections [to the 1999 Accounting] should be made." (Italics added.) As we conclude that the trial court did not abuse its discretion in denying Boyer's request for a third continuance of the hearing and thereafter issuing its order approving the 1999 Accounting, we will affirm. We also conclude, however, that Boyer's argument with respect to his claimed right to discovery was not frivolous. We therefore will reject the trustees' request for imposition of sanctions.

---

[1] The current cotrustees are Andrew Keating Forthmann, the Honorable Richard P. Byrne (retired) and Robert A. DeWitt (collectively, the trustees). The appellate record includes a document submitted by the cotrustees along with their motion requesting that we judicially notice it. That document is the "Memorandum of Points and Authorities of Trustees In Response To [Boyer's] Petition For Instructions, etc." filed with the trial court on September 7, 2000. We granted the motion for judicial notice on November 21, 2001.

## Factual and Procedural Background[2]

The trustor decedent, Rosanna Forthmann, died testate on February 6, 1937. In her will, she established a testamentary trust that was a charitable trust of a type which existed prior to the Tax Reform Act of 1969. Under its provisions, all of the income received by the trust was to be distributed currently to specified beneficiaries of which Boyer was one.[3] The testamentary trust also had a "no-contest" clause.[4]

At the time of the proceedings initiated herein by Boyer, annual accountings had been filed by trustees and approved by the trial court for each year from 1939 through 1998. The 1999 Accounting was filed by the trustees on June 9, 2000.[5]

*Without filing any objections*, Boyer, on September 12, 2000, filed an application for a determination, pursuant to Probate Code section 21320,[6] that his attached "Ex Parte Application For Order Granting Discovery Rights" would not constitute a contest within the meaning of paragraph

---

[2]There is no dispute as to the relevant facts that we recite. The issues presented by this appeal relate to claims that the trial court abused its discretion. We resolve them as a matter of law, based on the undisputed record before us.

[3]Boyer was a great-grandson of the decedent, and became an income beneficiary of the Trust after his mother's death in 1994. Under its terms, the Trust will terminate upon the death of the last beneficiary who was alive on the date of decedent's death. The record reflects that there were two very young children alive when decedent died, who count as lives in being and who are now in their early 60's.

[4]The "no-contest" clause provided: "ELEVENTH: I hereby declare that if any person provided for in this my last will and testament shall contest, except or object to this my last will and testament or any provisions thereof, or aid or abet in any manner any such contest, exception or objection, the provision made in this my last will and testament for such person so contesting, excepting or objecting to or so aiding or abetting any such contest, exception or objection is hereby revoked, and such person shall receive nothing whatsoever or from my estate or any property, income and/or annuity, and every part thereof, hereinbefore in this my last will and testament given, bequeathed and/or devised to such person, shall revert to my estate and become and be disposed of in accordance with the terms of this my last will and testament as if such person never existed or died."

[5]The hearing on the accounting was continued twice. The record is unclear as to who requested these continuances. However, the record does reflect that notice of the first continuance to September 11, 2000, was sent out by counsel for Boyer; notice of the continuance to October 30, 2000 was sent out by counsel for the trustees. The record also reflects that the trustees filed a supplement to the 1999 Accounting on July 5, 2000, and a second supplement on September 7, 2000. These filings may well have contributed to the need to continue the hearing dates.

[6]Probate Code section 21320, subdivision (a), provides in relevant part that, "a beneficiary may apply to the court for a determination whether a particular motion, petition, or other act by the beneficiary . . . would be a contest within the terms of the no contest clause." Subdivision (b) of section 21320, however, provides certain limitations upon a beneficiary's right to seek such relief: "(b) A no contest clause is not enforceable against a beneficiary to the extent an application under subdivision (a) by the beneficiary is limited to the procedure

Eleventh of the Trust. (See fn. 4, *ante.*) On September 20, 2000, Boyer filed a second application under section 21320 in which he sought a determination that (1) his *proposed* "response and objections" to the 1999 Accounting (a copy of which *proposed* filing was attached as exhibit A to his application) and (2) his request that the then scheduled October 30, 2000 hearing on the 1999 Accounting be taken off calendar, would not constitute a contest.

The trial court set both applications for hearing on October 20, 2000. After argument, the trial court held that (1) Boyer was authorized to conduct discovery as to all financial matters relating to the 1999 Accounting and into the prior year's account (in order to establish continuity and bring the prior year's figures forward); and (2) no decision could be made with respect to whether Boyer's *proposed* "response and objections" to the 1999 Accounting would violate the Trust's "no contest" clause until *after* the objections had been filed, considered and ruled upon. In making this ruling, the court was relying upon the principle articulated in *Estate of Ferber* (1998) 66 Cal.App.4th 244, 255 [77 Cal.Rptr.2d 774] (*Ferber*), that a no contest clause may *not* be enforced against an objection to an accounting *unless* such objection is found to be frivolous. The court emphasized that the question as to whether Boyer's objections might be frivolous was not an issue that could be determined in advance of the court's consideration of the account and the objections made thereto.

In allowing Boyer to conduct limited discovery, the trial court clearly was doing so on the assumption that Boyer would first file his *proposed* "response and objections" to the 1999 Accounting.[7] Once filed, Boyer would

and purpose described in subdivision (a) *and does not require a determination of the merits of the motion, petition, or other act by the beneficiary.*" (Italics added.)

[7]During the hearing conducted on October 20, 2000, the court made its position clear:

"The Court: The matter of whether or not the objections are frivolous may be as yet to be determined. Obviously, but that would come up later on. The concept of that you can file an objection without violating the no contest clause is clear. But if the objection is frivolous, as it turns out, then you may be violative of the clause.

"Ms. Saito [Boyer's attorney]: That's what the *Ferber* decision stands for.

"The Court: Of the two matters before the court, one basically is seeking discovery. *If objections are filed,* I think reasonable discovery may be appropriate. And if after reasonable discovery a claim is pursued when the foundation from the discovery would be insufficient to justify it going forward, then, you'd run the risk of a frivolous challenge which could give rise to the no contest clause kicking in.

"Mr. Stephens [trustees' attorney]: And your Honor, we have advised—it's not as if the trustees want to forfeit his interest. But, we have carefully advised them that these objections will be shown to me [*sic*]. And the discovery, this broad discovery going back over 62 years is totally harassing and frivolous. Even if that's true, he's going to lose his interest in the trust.

"The Court: But that's a decision he's got to make.

then be permitted to proceed with the authorized discovery. No ruling, however, could be made with respect to whether Boyer's *proposed* "response and objections" would constitute a prohibited contest until *after* those objections had been heard and ruled upon.[8] The trial court also refused to take off calendar the scheduled October 30, 2000 hearing on the 1999 Accounting.

This ruling apparently presented Boyer with a dilemma and he chose not to actually file the "response and objections." He simply went to the October 30 hearing and requested that the hearing be taken off calendar or that he be granted a 210-day continuance in which to conduct the discovery authorized by the October 20, 2000 order.[9] Counsel for Boyer conceded that "[w]e haven't engaged in anything yet since the hearing [granting authority to conduct discovery] was just on October 20. However, we are contemplating written discovery subpoenas, possibly *to evaluate whether or not any response or objections should be made.*" (Italics added.)

Boyer's request for a seven-month continuance for a matter already delayed twice was vigorously opposed by the trustees. After confirming with Boyer's counsel that she had been representing him throughout this whole

---

"Mr. Stephens: He does.

"The Court: As far as discovery is concerned, I would think he'd be entitled—*if he files objections to the accounting,* he'd be entitled to discovery of this—all matters pertaining to the current accounting. And because it's based on a prior settled account, to be sure that the figures come forward, he—I would consider reasonable discovery as to what was set forth in the prior accounting but that's where you draw the line. [¶] . . . [¶]

"The Court: I would expand the discovery to not just the current, but one prior settled accounting, because that would provide the foundation and if there are any discrepancies. [¶] . . . [¶]

"The Court: So the court would make the finding that one, there is an objection that's filed. An objection to an accounting in and of itself unless frivolous would not violate the no contest clause. A determination of frivolousness could not be made until the conclusion of the proceedings.

"With the objections to the current accounting having been filed, discovery would be authorized as to all financial matters relating to the current accounting, and the court would authorize discovery to include the prior years' accounting which had heretofore been settled. And again, that's a discovery tool so they could properly address any objections to the current accounting." (Italics added.)

[8]The court also noted during the hearing that "after completion of discovery, if the objections are pursued further with that foundation and it would prove to be frivolous, counsel runs that risk and the objector runs that risk. I would not deny someone the opportunity to [object to] a current accounting, because that in and of itself would not violate the no contest clause. If it—if the facts ultimately lead to the conclusion that [such objection] was frivolous and it should have been so realized, then, the person is not protected by a ruling. So long as it's not frivolous, I would assume that a mere challenge to an accounting is not going to violate the clause, that it be a factual determination at the conclusion of any proceeding thereafter as to whether or not if it proves otherwise unfounded whether it was frivolous."

[9]It should be noted that the hearings on October 20 and October 30, 2000, were conducted before different judicial officers.

period since the 1999 Accounting had been filed (or at least since the initially scheduled hearing date of July 10, 2000), the court denied the request for a continuance. Since the trustees' application for approval of the 1999 Accounting was before the court, all proper notices had been given, *and no objections had been filed*, the trial court approved it, and also ruled that "[a]ny and all objections of John F. Boyer to the [1999 Accounting] and any previous accounts and reports are hereby overruled with prejudice."[10]

Boyer has prosecuted this timely appeal.

Boyer argues that he had a right to conduct discovery and that the trial court abused its discretion in (1) denying him an opportunity to do so, and (2) approving the 1999 Accounting without first allowing him to conduct and complete such discovery. He also contends, in the alternative, that the trial court's order should be modified to reflect that his *proposed* "response and objections" were neither filed nor ruled upon.[11]

The trustees respond by contending that the trial court acted well within its discretion in denying Boyer's request for a continuance. Boyer had filed no objections and there was no reason to further delay approval of the 1999 Accounting. Given that Boyer did not actually file any objections, there was no legal basis for the trial court to do other than it did and Boyer's appeal from that order is frivolous. The trustees request, in order to reduce the expense burden on the many other income beneficiaries, that Boyer be required to pay their attorney's fees incurred in responding to this appeal.

DISCUSSION

### 1. *Standard of Review*

■ The decision to grant or deny a continuance is committed to the sound discretion of the trial court. (*Lucas v. George T. R. Murai Farms, Inc.* (1993) 15 Cal.App.4th 1578, 1586 [19 Cal.Rptr.2d 436].) The trial court's exercise of that discretion will be upheld if it is based on a reasoned judgment and complies with legal principles and policies appropriate to the case before the court. (*Bullis v. Security Pac. Nat. Bank* (1978) 21 Cal.3d 801, 815 [148 Cal.Rptr. 22, 582 P.2d 109, 7 A.L.R.4th 642].) ■ A reviewing court may not disturb the exercise of discretion by a trial court in the absence of a clear abuse thereof appearing in the record. (*Denham v.*

---

[10]We are not entirely clear as to the purpose or efficacy of this ruling, specifically requested by the trustees, since, as the trustees correctly argue before us, Boyer never actually filed any objections.

[11]We assume that this alternative request has been made to avoid any contention by the trustees that Boyer had violated the "no contest" clause contained in the trust.

*Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].) The burden rests on the complaining party to demonstrate from the record that such an abuse has occurred. (*Ibid.*)

### 2. *The Trial Court Did Not Abuse Its Discretion*

In its order of October 20, 2000, on which Boyer relies for his argument that his right to proceed with discovery had been judiciously sanctioned, the trial court made it clear that such discovery would be allowed *if* he actually filed his *proposed* "response and objections."

Leaving aside the fact that the hearing on the trustees' 1999 Accounting had already been delayed for five months and that Boyer sought another seven months' continuance without presenting any discovery plan or offering any basis for such an extensive further delay, the basic and dispositive fact remains: he did not file any objections. He did not satisfy the clear predicate requirement on which the trial court's October 20 order rested. Indeed, Boyer's counsel admitted, on October 30, 2000, that he only wanted the delay to "evaluate" whether or not he would file objections sometime in the future.

The trial court cannot be faulted for slamming the door on this transparent fishing expedition. Until Boyer actually filed objections, there was no contested proceeding that would require an assignment for trial and the conduct of discovery. (See, e.g., *Estate of Howard* (1976) 58 Cal.App.3d 250, 258 [129 Cal.Rptr. 836].) The trustees' 1999 Accounting, like those that preceded it, was simply a report to the court, necessary to the court's discharge of its duty of supervision of the management activities of the trustees. In the absence of specific objections to such report there is no way to determine what discovery, if any, was "relevant to the subject matter involved in the *pending action*." (Code Civ. Proc., § 2017, subd. (a), italics added; see *Coberly v. Superior Court* (1965) 231 Cal.App.2d 685, 690 [42 Cal.Rptr. 64] [party objecting to an accounting is entitled to discovery; party providing the accounting, too, is entitled to the concomitant safeguards against abuse of discovery and absence of good cause].) As Boyer never tendered any issues, raised any issue requiring resolution or sought to become an actual party to a contested proceeding, the trial court was entirely justified in denying his request and approving the account. As we discuss more extensively in the next section, there was no abuse of discretion.

In view of this conclusion, we need not address or discuss any of the other arguments raised by the trustees, except their request for an award of attorney's fees.

*An Award of Attorney's Fees for a Frivolous Appeal Is Not Appropriate in This Case*

While we find ourselves in agreement with the trustees' argument with respect to the lack of merit in Boyer's appeal, we cannot conclude that sanctions should be imposed for a frivolous appeal.

The principles and standards by which we discover and measure a frivolous appeal are well settled. (See Code Civ. Proc., § 907.)[12] The twin standards for determining when an appeal is frivolous were considered by the Supreme Court in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179]. "The California cases discussing frivolous appeals provide a starting point for the development of a definition of frivolous. Those cases apply standards that fall into two general categories: subjective and objective. [Citation.] The subjective standard looks to the motives of the appellant and his or her counsel. Thus, in *Simon v. Bemis Bros. Bag Co.* (1955) 131 Cal.App.2d 378, 382 [280 P.2d 528], the court rejected a claim that an appeal was frivolous, noting that counsel presented his argument in a 'courteous and gracious manner' and seemed to believe 'fervently' that he might succeed on the merits. Similarly, the courts have frequently looked at the 'good faith' of the appellant and have penalized appellants where the only purpose of the appeal was delay. [Citations.]

"The objective standard looks at the merits of the appeal from a reasonable person's perspective. 'The problem involved in determining whether the appeal is or is not frivolous is not whether [the attorney] acted in the honest belief he had grounds for appeal, but whether any reasonable person would agree that the point is totally and completely devoid of merit, and, therefore, frivolous.' [Citations.] [¶] The two standards are often used together, with one providing evidence of the other. Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay. [Citations.] [¶] Both strands of this definition are relevant to the determination that an appeal is frivolous. An appeal taken for an improper motive represents a time-consuming and disruptive use of the judicial process. Similarly, an appeal taken despite the fact that no reasonable attorney could have thought it meritorious ties up judicial resources and diverts attention from the already burdensome volume of work at the appellate

---

[12]Code of Civil Procedure section 907 provides, in relevant part: "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." California Rules of Court, rule 26(a), provides, in pertinent part, "Where the appeal is frivolous or taken solely for the purpose of delay . . . the reviewing court may impose upon offending attorneys or parties such penalties, including the withholding or imposing of costs, as the circumstances of the case and the discouragement of like conduct in the future may require."

courts. *Thus, an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit.* [Citation.]" (*In re Marriage of Flaherty, supra,* 31 Cal.3d at pp. 649-650, italics added, fn. omitted.)

We are, of course, particularly mindful of *Flaherty*'s caution that "any definition [of a frivolous appeal] must be read so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal. An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*In re Marriage of Flaherty, supra,* 31 Cal.3d at p. 650, italics in original.)

■ The issue of sanctions therefore depends on whether Boyer's position was at least arguable. Probate Code section 1000 generally provides that the rules of practice applicable to civil actions apply to, and constitute the rules of practice in, proceedings under the Probate Code. Thus, except as otherwise provided in the Probate Code itself, the normal rules of discovery for civil actions apply in probate proceedings, and, in fact, there is no question but that the discovery procedures found in the Code of Civil Procedure are available for use in probate proceedings. (*Morris Stulsaft Foundation v. Superior Court* (1966) 245 Cal.App.2d 409, 415 [54 Cal.Rptr. 12]; *Coberly v. Superior Court, supra,* 231 Cal.App.2d at pp. 690-691; see generally *Adams v. Superior Court* (1957) 49 Cal.2d 427 [317 P.2d 983].)

■ Appellate courts must keep liberal policies of discovery statutes in mind when reviewing decisions denying or granting discovery. (*Pacific Tel. & Tel. Co. v. Superior Court* (1970) 2 Cal.3d 161, 171 [84 Cal.Rptr. 718, 465 P.2d 854].) Absent a showing that substantial interests will be impaired by allowing discovery, liberal policies of discovery rules will generally counsel against overturning a trial court's decision *granting* discovery (*ibid.*) and militate in favor of overturning a decision to *deny* discovery. (*Ibid.,* quoting *Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355, 378-379 [15 Cal.Rptr. 90, 364 P.2d 266] ["in passing on orders denying discovery appellate courts 'should not use the trial court's discretion argument to defeat the liberal policies of the statute' "].)

Matters sought are properly discoverable if they will aid in a party's preparation for trial. (*Pacific Tel. & Tel. Co. v. Superior Court, supra,* 2 Cal.3d at p. 172.) Because all issues and arguments that will come to light at trial often cannot be ascertained at the time when discovery is sought, courts

may appropriately give an applicant substantial leeway, especially when precise issues of litigation of governing legal standards are not clearly established. (*Ibid.*)

 Turning to the specific facts before us, it is clear that the critical issue upon which Boyer's *right* to pursue discovery following the *October* 20 hearing depended was whether he was required to first file objections to the 1999 Accounting. We have been cited to no case (nor has our research disclosed one) that expressly imposes such a requirement in the factual context presented by this appeal. However, such a requirement is certainly *implied* by the relevant code sections.

Probate Code section 1043, subdivision (a), provides that any interested person may appear and make a response or objection to a pending petition in writing at or before a probate hearing. In addition, such a person may make an oral response or objection at the hearing. When an oral response or objection has been made, the probate court then has the discretion either to (1) hear and determine the response or objection at the hearing, or (2) grant a continuance for the purpose of allowing a response or objection to be made in writing. (Prob. Code, § 1043, subd. (b).) This section expressly allows a continuance for one purpose only: to make a written response or objection; it does not allow for a continuance to conduct discovery in the absence of a response or objection of some kind.

Furthermore, Probate Code section 1043, subdivision (c), specifically provides that a request for a continuance for the purpose of making a written response or objection shall not itself be considered a response or objection, nor shall the failure to make a response or objection during the time allowed be considered as a response or objection. In other words, an allegedly interested person *must* make at least an oral objection or response before the probate court is required to take any action at all. We therefore are satisfied, and do expressly hold, that the filing of a formal objection or response is a necessary predicate to the conduct of any discovery with respect to the trustee's interim accounting. Absent an objection or response, even if made only on information and belief, there is no issue joined by which the relevancy of any proposed discovery may be judged.

And just as the probate court could not determine whether any discovery might be relevant in the absence of an objection or response of some kind, so, too, we, as an appellate court, have no basis upon which to determine that the probate court abused its discretion by denying Boyer's request for a continuance to conduct "pre-objection" discovery. As the court in *Pacific Tel. & Tel. Co. v. Superior Court, supra,* 2 Cal.3d 161, noted, "An appellate

court cannot reverse a trial court's grant of discovery under a 'relevancy' attack unless it concludes that the answers sought by a given line of questioning cannot as a reasonable possibility lead to the discovery of admissible evidence or be helpful in preparation for trial." (2 Cal.3d at p. 173.) Obviously, because Boyer failed to make an objection or response to the accounting, there is no way for *us* to determine whether the discovery he sought was relevant, or that the denial of a 210-day continuance to conduct such open-ended discovery was an abuse of discretion.

We cannot conclude, however, that the contention asserted by Boyer that such discovery was appropriate even in the absence of the filing of any formal objection, is so utterly and obviously without merit as to warrant the conclusion that his appeal on that ground would be frivolous. Boyer's argument raised an issue that no appellate decision, until now, has expressly addressed. That we have rejected his contentions and ruled against him is not dispositive of the sanctions issue. His position was arguable even though unmeritorious. As we have already noted, a party should not be penalized by sanctions simply for asserting a losing argument. We therefore will give Boyer the benefit of the doubt here and deny the trustees' request for an award of sanctions.

## DISPOSITION

The order of October 30, 2000 (although not signed and filed until on or about December 19, 2000) is affirmed. The trustees' request for an award for sanctions is denied. The trustees, however, shall recover their costs on appeal.

Klein, P. J., and Kitching, J., concurred.

On May 9, 2002, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied July 17, 2002. Brown, J., did not participate therein.