[No. G038289. Fourth Dist., Div. Three. Oct. 22, 2007.]

SILVIA MOTA, Petitioner, v.
SUPERIOR COURT OF ORANGE COUNTY, Respondent;
DANIEL VILLALOBOS, Real Party in Interest.

---

---

## COUNSEL

David E. Rosenbaum for Petitioner.

No appearance for Respondent.

Tredway, Lumsdaine & Doyle, Mark C. Doyle and Roy J. Jimenez for Real Party in Interest.

---

## OPINION

**IKOLA, J.**—This litigation arises out of a series of acrimonious disputes between the beneficiaries of a revocable trust created by Paulino Ponce, now deceased. Petitioner Silvia Mota, a beneficiary and former trustee, seeks a writ of mandate compelling the probate court to vacate its order denying her motion to compel further responses to her discovery requests. The court concluded Mota's failure to file a Probate Code section 850 petition precluded her from propounding discovery on real party in interest and cobeneficiary, Daniel Villalobos, and from obtaining an offset against his share of the trust estate.[1]

 We hold (1) Mota is entitled to conduct discovery relevant to her objections to the distribution petition; and (2) she need not file a section 850 petition to establish her entitlement to an offset against Villalobos's share of the trust estate. Accordingly, we grant the petition compelling the court to vacate its order.

### FACTS

On June 1, 1999, Ponce created the trust (Trust) and named Mota, his youngest daughter and business manager, as trustee. Ponce's eight children, including Mota and Villalobos, are the sole beneficiaries of the Trust. Ponce

---

[1] Unless otherwise noted, all statutory references are to the Probate Code.

died on August 3, 2002. Shortly thereafter, Mota suspected three of her brothers—Villalobos, Paulino Ponce, Jr. (Paulino), and Marcos Villalobos (Marcos)—of stealing an estimated $103,000 from Ponce's pockets and personal safe within hours of his death. Mota claims she did not seek the return of the money while she was trustee because she did not have any proof to support her suspicion.

The litigation concerning the Trust began in March 2003, when Villalobos filed a petition for breach of trust against Mota. Villalobos accused Mota of, among other things, improper spending, distributing money from the Trust without the beneficiaries' consent, and inadequate reporting. In April 2004, the beneficiaries settled their claims relating to the breach of trust petition and stipulated Jerry Kityk would replace Mota as trustee.

In August 2006, Kityk filed a "First and Final Account and Report of Successor Trustee, Petition for Allowance of Fees to Trustee and Attorney for Trustee [and] For Order of Distribution and Discharge of Trustee" (Distribution Petition). Mota objected to the Distribution Petition. Among other things, she alleged Villalobos, Paulino, and Marcos converted money "from the Trust estate to their own use or to the use of a group of beneficiaries" including Paulino, Villalobos, Marcos, Fernando Ponce and Carmen Garcia. Because these beneficiaries already received a distribution of Trust money, Mota claimed, their final distribution should be reduced. Mota further alleged she intended to conduct discovery to prove her brothers had converted Trust funds. She then served Villalobos with a demand for his financial records.

Mota moved to compel. She argued she was entitled to discover documents reflecting a sudden change in Villalobos's financial position after Ponce's death to demonstrate he had stolen money from the Trust. Villalobos, however, claimed Mota had "no reasonable grounds whatsoever to pursue discovery of personal financial information against a beneficiary in this matter" because she had not filed a petition to recover Trust assets under section 850. The court denied the motion and concluded "there was and is no Probate Code section 850 petition pending to recover any assets from Mr. Villalobos nor any judgment against him. Accordingly, there can be no 'offset' against his share nor any discovery from him." The court also sanctioned Mota and her counsel.

Mota timely filed a petition for writ of mandate. We issued a stay and ordered Villalobos to show cause why the court's order should not be vacated.

DISCUSSION

*Mota Has a Right to Conduct Discovery Relevant to Her Objections to the Distribution Petition*

■ "[T]here is no question but that the discovery procedures found in the Code of Civil Procedure are available for use in probate proceedings." (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 987 [118 Cal.Rptr.2d 715] (*Forthmann*).) This is so because the Probate Code incorporates the discovery provisions in the Civil Discovery Act (Code Civ. Proc., § 2016.010 et seq.). (Prob. Code, § 1000 ["[e]xcept to the extent that this code provides applicable rules, the rules of practice applicable to civil actions, *including discovery proceedings* . . . apply to, and constitute the rules of practice in, proceedings under this code" (italics added)].) As a result, parties to probate proceedings "are entitled to conduct *discovery*—e.g., depositions, interrogatories, requests for admissions, etc." (Ross, Cal. Practice Guide: Probate (The Rutter Group 2006) ¶ 15:445, p. 15-118.)

■ A beneficiary who objects to a trustee's accounting is entitled to conduct discovery. (*Forthmann, supra,* 97 Cal.App.4th at pp. 987–989; *Coberly v. Superior Court* (1965) 231 Cal.App.2d 685, 690 [42 Cal.Rptr. 64].) In *Forthmann,* trustees filed a petition for approval of an accounting. Without filing any objections, a beneficiary sought a continuance to conduct discovery to evaluate whether to object to the accounting. (*Forthmann,* at p. 981.) The trial court denied the beneficiary's request for a continuance and approved the accounting. (*Id.* at p. 980.) The appellate court affirmed. (*Id.* at p. 985.) ■ It held "the filing of a formal objection or response is a necessary predicate to the conduct of any discovery with respect to the trustee's interim accounting. Absent an objection or response, even if made only on information and belief, there is no issue joined by which the relevancy of any proposed discovery may be judged." (*Id.* at p. 988.)

■ A corollary of the *Forthmann* rule is that a beneficiary, having filed formal objections to a trustee's petition, may conduct discovery relevant to those objections. Unlike the beneficiary in *Forthmann,* Mota's objections created an issue of fact to be adjudicated by the court: whether Villalobos, Marcos, and Ponce stole money from the Trust. Accordingly, she was entitled to conduct discovery relevant to that issue. Villalobos concedes as much in his brief: He notes the "filing of a formal objection or response is a necessary

predicate to the conduct of any discovery." It does not follow, then, that Mota—having objected to the Distribution Petition—could not conduct discovery relevant to her objections.

*The Court Erroneously Concluded Mota Must File a Section 850 Petition to Pursue Her Offset Claim*

As discussed above, the court concluded Mota was not entitled to an offset against Villalobos because she had not filed a section 850 petition. Mota contends the court's order creates an irreconcilable conflict between section 17200, which pertains to "internal affairs of the trust," and 17200.1, which governs "transfer[s]" of trust property. According to Mota, the court's order would require *all* disputes concerning trust property to be adjudicated pursuant to section 850, even those pertaining to internal trust affairs.[2] We need not determine whether the statutes conflict, because we conclude section 17200.1 does not govern Mota's pursuit of an offset.

■ Section 850 is found within part 19 of division two of the Probate Code, which deals with the "Conveyance or Transfer of Property Claimed to Belong to Decedent or Other Person." (§§ 850–859.) Under section 850, a trustee or any interested person "may file a petition requesting that the court make an order under this part: [¶] . . . [¶] Where the trustee has a claim to real or personal property, title to or possession of which is held by another." (§ 850, subd. (a)(3)(B).)[3] Section 17200.1 broadens the application of section 850. It provides in full: "All proceedings concerning the transfer of property of the trust shall be conducted pursuant to the provisions of Part 19 (commencing with Section 850) of Division 2." (§ 17200.1.)

■ Pursuant to section 17200.1, a trustee or interested person *must* file a section 850 petition when the "proceedings concern[] the transfer of property." (§ 17200.1.) Because Mota's objections to the distribution petition do not concern "the transfer of property," she need not file a section 850 petition. Mota contends Villalobos, Paulino, and Marcos stole $103,000 from the Trust

---

[2] In excruciating detail, Mota contends her objections concern internal trust affairs under section 17200, a point Villalobos does not dispute. Under section 17200, subdivision (a), "a trustee or beneficiary of a trust may petition the court under this chapter concerning the internal affairs of the trust or to determine the existence of the trust." (§ 17200, subd. (a).) Section 17200, subdivision (b), sets forth a nonexclusive list of "internal affairs." (§ 17200, subd. (b).)

[3] Section 850, subdivision (a)(1), (2), also provides a procedure for specific enforcement of written contracts to convey real property or transfer personal property made during the decedent's lifetime.

and used it to pay their attorney fees and those of two other beneficiaries. Mota does not seek a "transfer of property" from these beneficiaries—she merely seeks a reduction in the amount of money they will receive during the final distribution of the Trust estate assets.

If Mota had sought a court order returning the $103,000 to her (or to the Trust estate), she would have been obligated to file a section 850 petition. (See, e.g., *Estate of Myers* (2006) 139 Cal.App.4th 434, 440 [42 Cal.Rptr.3d 753] [creditor of decedent's estate had standing to bring § 850 petition seeking an order requiring purchaser of decedent's property to disgorge profits he obtained from the resale of the property]; *Iskenderian v. Iskenderian* (2006) 144 Cal.App.4th 1162, 1165 [51 Cal.Rptr.3d 163] [plaintiff properly filed § 850 petition to adjudicate ownership of a trademark where plaintiff contended she, not the trust, owned the property].) Mota did not seek an order transferring the money to her, or to the Trust estate. As a result, the court wrongly concluded she could not pursue an offset claim without first filing a petition pursuant to section 850.

*Mota's Request for Sanctions*

Mota accuses Villalobos of violating the Rules of Court, specifically California Rules of Court, rule 8.204(a)(1)(C), which requires each party to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." Mota seeks unspecified sanctions because she contends Villalobos's opposition to the writ petition either fails to cite to the record or misstates it. We deny Mota's request for sanctions because she has not complied with the procedural requirements of California Rules of Court, rule 8.276(e)(2).

## DISPOSITION

The petition is granted in part. Let a peremptory writ of mandate issue directing respondent court to vacate its order denying discovery and to reconsider Mota's motion to compel to determine whether the documents she seeks are discoverable. This court's order to show cause, having served its purpose, is discharged. The stay previously issued is dissolved. Mota shall

recover her costs incurred in this writ proceeding. (Cal. Rules of Court, rule 8.490(m)(1).)

Rylaarsdam, Acting P. J., and Bedsworth, J., concurred.