Filed 8/1/13  Park Wilshire HOA v. Dosso CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| PARK WILSHIRE HOMEOWNERS ASSOCIATION, | B236691 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SC109745) |
| v. | |
| AHMED L. DOSSO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Cesar C. Sarmiento, Judge.  Affirmed.

Ahmed L. Dosso, in pro. per., for Defendant and Appellant.

Kulik, Gottesman & Siegel, Glen L. Kulik and Mitchell S. Brachman for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL SUMMARY

Appellant Ahmed L. Dosso is the owner of a unit, apparently a condominium, in a building on Wilshire Boulevard in Los Angeles. Respondent Park Wilshire Homeowners Association (HOA) is a homeowners association established by covenants, conditions, and restrictions (CC&R's) governing the property. The HOA is authorized to, and has, imposed assessments on Dosso as a unit owner. Pursuant to the CC&R's, failure to pay assessments when due may lead to enforcement proceedings, as it did in this case. Dosso was substantially late in paying assessments. The HOA sued him to enforce the secured lien it held under the CC&R's with respect to these late payments. Dosso answered the complaint and filed a cross-complaint in which he sought damages for breach of contract, various torts, and other relief.

After settlement efforts failed, the case was tried to the court. The court found in favor of the HOA and against Dosso.[1] Dosso filed a timely appeal.

## DISCUSSION

Dosso raises two issues: first, that the trial court erred in granting the HOA's in limine motion to exclude evidence relating to Dosso's cross-appeal and defenses; second, that it erred in denying his motion to continue the trial.

As to the first, while the HOA did move to exclude evidence, its motion was not granted. According to its representations on appeal, which are not contested, the trial court did not restrict Dosso in his presentation of evidence. The issue, therefore is moot.

We turn to the second issue. The complaint was filed in September 2010[2]. Dosso's answer, which included claims for affirmative relief, breach of contract and various torts, was filed in February 2011.

---

[1] The HOA was represented by counsel at trial as it is on appeal; Dosso represented himself at trial as he does on appeal.

[2] Like many other pertinent documents, the complaint is not in the record on appeal. We infer its contents from the responding pleadings, which are before us, and the failure to dispute the factual arguments pertaining to its contents.

A case management conference was held on March 2, 2011, at which time the case was set for trial on July 26, 2011. The case was mediated on May 25, 2011, but the mediation was unsuccessful. At a hearing on June 3, 2011, the trial court received a report of non-agreement from the mediator and informed the parties that the July 26, 2011 trial date would stand. At the July 18, 2011 final status conference, the trial court made a further effort to settle the case, ordering a mandatory settlement conference before another judge to be conducted the next day. No settlement was reached.

On July 21, 2011, Dosso filed his ex parte motion "for continuance for trial date and/or amendment to answer." In it, he said that some progress toward settlement had been made and he was reviewing a proposal he received the day before, and that he may have a counter proposal. He also said the negotiation process "is [time-]consuming and [had taken] away from solid preparation." He said he was asking the court to allow him to amend his Answer. Dosso did not indicate how he proposed to amend his answer and did not elaborate on the lack of time. His motion was denied on the day it was filed. In his Opening Brief, he argues that the continuance was needed because of the unanticipated settlement conference on July 19, 2011, and states that when the settlement judge recommended that he (Dosso) present a settlement proposal within three days, he "then realized the necessity for trial continuance." He described the settlement conference and follow-up as an "unforeseen obstacle to the preparation of trial" that met the requirements of California Rules of Court, rule 3.1332(c)(7).

An order denying a request for continuance is reviewed for abuse of discretion. (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984.) No abuse is shown in this case. The trial date had been set for some five months when Dosso presented his ex parte motion for continuance. Other than vague references to being distracted by the mandatory settlement conference, Dosso offers no justification for this eve-of-trial request for delay. From the record before us, we do not find that the trial judge abused his discretion in denying the request to continue the trial.

3

## DISPOSITION

The judgment is affirmed.  Respondent HOA to have its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                                 EPSTEIN, P. J.

We concur:

MANELLA, J.

SUZUKAWA, J.