Filed 9/2/22  Shea v. Haacke CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| ROBIN SHEA, as Successor Trustee, etc., | |
| Plaintiff and Respondent, | E077051 |
| v. | (Super.Ct.No. MCP1700472) |
| RODNEY G. HAACKE, | OPINION |
| Defendant and Appellant; | |
| DESRIE PFISTER, | |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Mark Ashton Cope, Judge.  Affirmed.

The Law Office of Evan D. Williams and Evan D. Williams for Defendant and Appellant.

Carmel & Naccasha and Victor J. Herrera for Plaintiff and Respondent.

1

No appearance for Defendant and Respondent.

Robin J. Shea (Trustee), Successor Trustee of The Haacke Family Trust (the Trust), filed a second accounting and report (the accounting) in the probate court. Rodney Haacke (Beneficiary), a beneficiary of the Trust, objected to the accounting. The probate court overruled Beneficiary's objection and approved the accounting. Beneficiary contends the probate court erred by depriving him of discovery and an evidentiary hearing prior to ruling on the objection. We affirm the order.

**FACTUAL AND PROCEDURAL HISTORY**

In the accounting, Trustee requested to pay "Trustee's attorney, Swan Carpenter Wallis & McKenzie . . . for services rendered in connection with the administration of the . . . Trust of $19,468.20. Said sum includes past services rendered, costs and expenses in the prosecution and defense of [Trustee]." Trustee requested $7,537.50 for her own services as trustee. The accounting was filed on October 5, 2020.

In Beneficiary's objection, filed on December 7, 2020, he asserted that Trustee was wasting the Trust's assets on attorneys' fees. Beneficiary asserted that Trustee and her attorneys were working "in concert to cover up [Beneficiary's sister's] conversion" of the Trust's assets. Beneficiary asserted "their intention [was] to harm and deprive [Beneficiary] of his lawful and equal bequest." Further, Beneficiary faulted Trustee and her attorneys for defending against Beneficiary's wife's wage and hour lawsuit related to her role as caretaker for Beneficiary's mother.[1] Beneficiary requested the probate

---

[1] This court recently filed an opinion in Beneficiary's wife's wage and hour case. (*Haacke v. Shea* (June 24, 2022, E076015) [nonpub. opn.].)

2

court deny Trustee's request to compensate her attorneys and herself. Beneficiary asserted he "has a right to raise his objections with the court and have a **court trial** as to whether the account is proper." Beneficiary requested the probate court "[s]et a Trial date, at least six (6) months from [the] 12/11/2020 hearing."

On December 11, 2020, the probate court held a hearing on the accounting and the objection, but Beneficiary failed to appear because he "couldn't get off work." Because Beneficiary was not present, the probate court continued the hearing to January 7, 2021, and set an OSC "re: why [the] Objection should not be stricken." On January 7, 2021, Beneficiary, who was self-represented, requested a continuance because he had hired a lawyer who would "be taking over the case." The court continued the hearing to March 9, 2021.

On March 8, 2021, Beneficiary filed a declaration in support of his objection and in response to the order to show cause. Beneficiary declared that Trustee's requested attorneys' fees were "improper expenditures" because Trustee should have paid Beneficiary's wife's wage and hour claim, rather than defend against it.

Neither Beneficiary nor his counsel appeared at the March 9, 2021, hearing. Beneficiary's counsel was not present "[d]ue to a miscommunication between Beneficiary and [Beneficiary's counsel]" that caused Beneficiary's counsel to "believe[] that the hearing would be on March 11th." At the March 9 hearing, the probate court noted that Beneficiary, as the objector, bore the burden of proof. The court said it had not read Beneficiary's declaration, filed the day before the hearing, because any filings were supposed to occur "at least 10 days before the hearing," and the declaration was

3

filed "way too late." The court "overrule[d] the objection as to the accounting petition" and approved the accounting. Beneficiary is appealing from the March 9, 2021, order.

## DISCUSSION

### A.  DISCOVERY

Beneficiary contends the probate court erred by denying Beneficiary "the right to conduct discovery to show the veracity of his claims." " '[T]here is no question but that the discovery procedures found in the Code of Civil Procedure are available for use in probate proceedings[,]' . . . 'e.g., depositions, interrogatories, requests for admissions, etc.' [Citation.] [¶] A beneficiary who objects to a trustee's accounting is entitled to conduct discovery." (*Mota v. Superior Court* (2007) 156 Cal.App.4th 351, 355 (*Mota*); see also Prob. Code, § 1000, subd. (a).)

Beneficiary fails to indicate in what respect the probate court prevented him from conducting discovery. For example, Beneficiary does not mention an order staying discovery in the case, nor does he assert that he requested, and was denied, a continuance to conduct discovery. In our review of the record, we have not seen an order restraining Beneficiary from conducting discovery. Accordingly, we are not persuaded that Beneficiary was denied an opportunity to conduct discovery.

Beneficiary asserts his "objections were specific enough to allow the trial court to craft a well tailor [*sic*] discovery order." Beneficiary contends, "[P]arties may not simply propound discovery whenever they believe it is necessary. Because part of the trial courts [*sic*] duty in these cases is to prevent waste, additional proceedings such as discovery and evidentiary hearings much [*sic*] be allowed by the Court. This is why

4

both *Forthmann* [*v. Boyer* (2002) 97 Cal.App.4th 977, 987 (*Forthmann*)] and *Mota* . . . acknowledge that discovery must be granted by the trial court." Contrary to Beneficiary's assertions, neither *Forthmann* nor *Mota* support his argument.

The Probate Code provides: "[T]he rules of practice applicable to civil actions, including discovery proceedings . . . under . . . the Code of Civil Procedure, apply to, and constitute the rules of practice . . . under [the Probate Code]." (Prob. Code, § 1000, subd. (a).) Thus, the "the normal rules of discovery for civil actions apply in probate proceedings." (*Forthmann*, *supra*, 97 Cal.App.4th at p. 987.)

In *Forthmann*, Boyer wanted to conduct discovery to aid him in deciding whether to object to an accounting. (*Forthmann*, *supra*, 97 Cal.App.4th at p. 987.) The appellate court wrote, "And just as the probate court could not determine whether any discovery might be relevant in the absence of an objection or response of some kind, so, too, we, as an appellate court, have no basis upon which to determine that the probate court abused its discretion by denying Boyer's request for a continuance to conduct 'pre-objection' discovery." (*Id.* at p. 988.)

The instant case is distinguishable from *Forthmann* because Beneficiary filed an objection. Therefore, Beneficiary would not have been seeking "pre-objection" discovery. Because Beneficiary had filed an objection, "the normal rules of discovery for civil actions appl[ied]" (*Forthmann*, *supra*, 97 Cal.App.4th at p. 987), i.e., Beneficiary did not need a court order to conduct discovery. Accordingly, we are not persuaded by Beneficiary's reliance on *Forthmann*.

5

In *Mota*, the lower court concluded that "Mota's failure to file a Probate Code section 850 petition precluded her from propounding discovery on real party in interest and co-beneficiary." (*Mota*, *supra*, 156 Cal.App.4th at p. 353.) However, while Mota had not filed a petition, she had "objected to the Distribution Petition." (*Id.* at p. 354.) The appellate court reasoned, "Unlike the beneficiary in *Forthmann*, Mota's objections created an issue of fact to be adjudicated by the court . . . . Accordingly, she was entitled to conduct discovery relevant to that issue. . . . It does not follow, then, that Mota—having objected to the Distribution Petition—could not conduct discovery relevant to her objections." (*Id.* at pp. 355-356.) *Mota* supports the conclusion that Beneficiary could have propounded discovery upon filing his objection—he did not need a court order authorizing discovery. Accordingly, Beneficiary's reliance on *Mota* is misplaced.

## B.     EVIDENTIARY HEARING

Beneficiary contends the probate court erred by denying him an evidentiary hearing on his objection.

"When matters within the purview of the Probate Code are contested, '[t]he court shall hear and determine any matter at issue and any response or objection presented, consider evidence presented, and make appropriate orders.' ([Prob. Code,] § 1046.)" (*Dunlap v. Mayer* (2021) 63 Cal.App.5th 419, 425-426.) Affidavits, verified petitions, and declarations may only be received as evidence in uncontested probate proceedings. (*Id.* at p. 426; *Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1309; Prob. Code, § 1022.)

6

The probate court held a hearing on Beneficiary's objection on December 11, 2020, but Beneficiary failed to appear, so the probate court continued the hearing "out of an abundance of consideration" due to Beneficiary's absence. The probate court held the continued hearing on Beneficiary's objection on January 7, 2021, and, at that hearing, granted Beneficiary's request for a continuance. On March 9, 2021, the probate court held the third hearing on Beneficiary's objection, but Beneficiary and his attorney failed to appear.

In sum, the probate court held three hearings on Beneficiary's objection, but Beneficiary failed to attend the first and third hearings and required a continuance at the second hearing. Had Beneficiary appeared ready to proceed on his objection at any of the three hearings, then he could have presented evidence. (Prob. Code, § 1046.) Accordingly, we are not persuaded that the probate court deprived Beneficiary of an evidentiary hearing on his objection.

C.      OVERRULING THE OBJECTION

Beneficiary contends the probate court erred by overruling his objection. In making its ruling, the probate court said, "[T]he burden of proof on this accounting petition would be [Beneficiary's], given the substance of his objections. The burden would not be [Trustee's] because of exactly what he's complaining about. [¶] So the Court's going to overrule the objection as to the accounting petition."

As the objector, Beneficiary bore the burden of proof at the hearing on his objection. (Evid. Code, § 500; *Guardianship of K.S.* (2009) 177 Cal.App.4th 1525, 1530.) Beneficiary failed to attend the hearings to present evidence. Beneficiary's

7

declaration was not admissible evidence on a contested issue.  (*Estate of Bennett*, *supra*, 163 Cal.App.4th at p. 1309 [Probate Code "section 1022 authorizes the use of declarations only in an 'uncontested proceeding' "].)  Due to the lack of evidence, the probate court could reasonably overrule the objection.  Thus, we conclude the probate court did not err.

Beneficiary asserts, "To the extent the probate court [overruled the objection] for [a] lack of evidence, its ruling was premature.  Again, no trial date had been set, no discovery cutoff had been set, and no dispositive motion had been filed."

"When a petition, report, account, or other matter that requires a hearing is filed with the court clerk, the clerk shall set the matter for hearing."  (Prob. Code, § 1041.)  "An interested person may appear and make a response or objection in writing at or before the hearing."  (Prob. Code, § 1043, subd. (a).)  "The court shall hear and determine any matter at issue and any response or objection presented, consider evidence presented, and make appropriate orders."  (Prob. Code, § 1046.)  The Code of Civil Procedure fills any procedural gaps in the Probate Code.  (Prob. Code, § 1000, subd. (a).)

Beneficiary does not provide any citations to the Probate Code or the Code of Civil Procedure indicating that a trial setting conference is required.  In looking at the minute orders for the December 11, 2020, hearing; the January 7, 2021, hearing; and the March 9, 2021, hearing, they were all on calendar as hearings on the accounting.

At the start of the January 7 hearing, the probate court said, "So this is on calendar today for a hearing on [Trustee's] accounting petition."  Beneficiary requested

a continuance. When discussing the date for the continued hearing, Trustee's attorney said, "I'd obviously like this to get approved sooner rather than later, but we will defer to the Court." Notably, Trustee's attorney's comment did not indicate that the next hearing would be about procedural matters, rather, he expected it to concern a ruling on the merits of the accounting.

The probate court said, "[Beneficiary], you know, your objection says, 'Well, all this money is being spent on attorneys,' and you object to that, but I'm having trouble working up any sympathy on that. This is—all those attorney fees are being expended based on your and your wife's filing of repeated lawsuits. [¶] March 9th, 8:30 in the morning. We'll talk to you then." The probate court's comment concerned the substance of Beneficiary's objection, thereby implying that the March 9 hearing would involve a ruling on the merits of the objection and the accounting.

At the beginning of the March 9 hearing, the probate court asked Trustee's attorney, "[W]hat's the status?" Trustee's attorney replied, "I believe that this matter is ready and ripe for decision." Counsel then repeated, "So I believe the matter is set for approval this morning." Trustee's attorney's comments reflect an understanding that the hearing was set for a ruling on the merits of the accounting and the objection.

Further, when Beneficiary's attorney moved to set aside the March 9 ruling, she declared that the ruling should be set aside due to her failure to attend the hearing; she did not assert that a substantive ruling was unexpected on March 9. In Beneficiary's declaration in support of the motion to set aside, he too did not assert that a substantive

9

ruling was unexpected on March 9.  Rather, he declared that he "intended to participate in the hearing on March 9, 2021."

In sum, Beneficiary has provided no legal authority indicating that a trial setting conference is required, and the record indicates that the probate court, Trustee's attorney, Beneficiary's attorney, and Beneficiary understood that the hearings were meant to address the merits of the objection and the accounting.  Accordingly, we are not persuaded that the ruling on the objection was premature.

## DISPOSITION

The order approving the second accounting is affirmed.  Trustee is awarded her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

SLOUGH
J.

FIELDS
J.

10