Filed 12/20/13  Meyer v. Thuesen CA1.3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LUCKY MEYER,<br><br>        Defendant and Appellant,<br><br>v.<br><br>VICTOR C. THUESEN,<br><br>        Plaintiff and Respondent. | A136848<br><br>(Napa County<br>Super. Ct. No. 26-57184) |

Lorene "Lucky" Meyer (appellant), *in pro per*, appeals from a judgment ordering her to pay $76,369.05 in attorney fees and costs to her former attorney, Victor C. Thuesen (respondent).  She contends:  (1) the fee agreement she and respondent entered into was unconscionable or voidable; (2) the trial court erred in denying her motion for a continuance of the trial; (3) the trial court made certain discovery errors; (4) respondent committed fraud upon the court.  We reject the contentions and affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2008, appellant, who had been demoted from her position with her employer, California Department of Mental Health (DMH), was reinstated after successfully challenging that demotion before the California State Personnel Board (the Board). DMH filed a petition for a writ of mandate seeking to set aside the Board's decision, and in October 2009, appellant retained respondent as her attorney to defend against the petition.  Appellant, represented by respondent, prevailed in the action, and DMH appealed.  In early 2010, appellant entered into a second legal services agreement (the

1

Agreement) with respondent under which respondent agreed to represent appellant on the appeal.

By the terms of the Agreement, respondent was to receive compensation for representing appellant by receiving a percentage of any recovery if the Court of Appeal affirmed the trial court's judgment. The Agreement permitted respondent to withdraw as appellant's attorney if, among other things, appellant's "conduct renders it unreasonably difficult for the attorney to carry out the employment effectively." The Agreement provided that in the event of such a withdrawal, "client will be obligated to pay Attorney out of the recovery a reasonable attorney's fee for all services provided, and to reimburse Attorney out of the recovery for all costs advanced, before the withdrawal."

On June 25, 2010, respondent filed appellant's opening brief with this court. On or about September 17, 2010, after the case was fully briefed, respondent filed a motion requesting to withdraw as appellant's appellate attorney. Appellant opposed the motion, and we granted the request on September 28, 2010. After oral argument on the matter, we issued an opinion affirming the trial court's judgment. Thereafter, in a letter dated March 30, 2011, DMH informed appellant that it owed her $161,712.88 for the salary difference between her original position and the position to which she was demoted, overtime of $79,974.72, and interest, which was $26,913.89 as of March 31, 2011.

On September 22, 2011, respondent filed a complaint against appellant seeking attorney fees and costs from appellant. He alleged he performed the duties for which he was retained and had succeeded in defeating DMH's writ petition and appeal. He alleged that the reasonable value of the services performed by him was $78,359.20 and that appellant had told him "she has no intention of paying for legal services to [respondent] from any compensation that she receives as a result of [his] efforts on her behalf."

On August 7, 2012, the matter went to trial, and both parties testified and offered various exhibits into evidence. Thereafter, the trial court issued a tentative ruling on September 17, 2012. It noted, as a "threshold matter," that appellant, by prior court order, had been "deemed to have admitted . . . Requests for Admissions . . . that [respondent] propounded to [appellant] on April 23, 2012." The court found that those

2

admissions addressed the ultimate issues in the case and supported a ruling in respondent's favor. The court further found, "Even if the admissions are not considered, however, there was ample evidence at trial that [respondent] fully and competently performed all of the services that he was retained to perform." The court noted that respondent withdrew as appellant's attorney only after completing "virtually all of the legal work" that needed to be performed. It stated, "The only service he did not provide was appearing at oral argument before the Court of Appeal. The testimony was uncontradicted . . . There is no credible reason to believe that [appellant's] appearance *in pro per* at oral argument changed the outcome in her favor. It is reasonable to conclude that [respondent's] significant efforts resulted in the favorable decision." The court stated it had reviewed respondent's time log and believed the time he spent on the case and the rates were reasonable.

The court further found that appellant's defenses lacked merit and that she had "received exactly what she retained [respondent] to do: an order for reinstatement in her job and back pay." The court noted that although appellant was "very vague and evasive" about how much DMH had paid her, she did state she had received "$100,000 and change" as of June 2012 and believed she was not going to receive "even $100,000 more," or that she was going to receive "more than the $268,601.49 in payments reflected in the March 30, 2011, letter from [DMH]." The court found that appellant was going to receive at least $268,601.49 in payments, "more than enough to compensate [respondent] the reasonable value of his services." Noting that respondent would have been entitled to $107,000—40 percent of appellant's recovery under the Agreement—if he had not withdrawn, the court found, "Given that the only services left to be performed was an appearance at oral argument, $75,240 is well within the reasonable recovery contemplated by the Agreement." The trial court found that appellant owed respondent a total of $76,369.05 in fees and costs, and entered judgment in favor of respondent and against appellant in that amount.

DISCUSSION

*Validity of Agreement*

Appellant contends the Agreement is "unconscionable," is "voidable," and "should be voided." We reject the contention.

Unconscionability has both a "procedural" and a "substantive" element, with the former focusing on "oppression" or "surprise" due to unequal bargaining power, and the latter on "overly harsh" or "one-sided" results. (*Armendariz v. Foundation Health Psychcare Services, Inc*. (2000) 24 Cal.4th 83, 114.) Procedural unconscionability "focuses on the manner in which the contract was negotiated and the circumstances of the parties," while "[s]ubstantive unconscionability focuses on the actual terms of the agreement." (*American Software, Inc. v. Ali* (1996) 46 Cal.App.4th 1386, 1390.) Procedural and substantive unconscionability must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause, although they need not be present in the same degree. (*Armendariz v. Foundation Health Psychcare Services, Inc*., *supra*, 24 Cal.4th at p. 114.) Courts use a "sliding scale" approach, such that "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." (*Ibid*.)

Appellant's argument is not entirely clear, but it appears she is arguing that there was procedural unconscionability because respondent, an experienced employment attorney, had "a great deal more bargaining power and a tremendous advantage" over her. She states that at the time she entered into the Agreement, she "was in a very vulnerable and emotional state after being wrongfully demoted twice and having to litigate for close to a decade to clear my name." She states that she asked respondent for "information about fees, awards, or information about the specific questions I asked," but that respondent did not adequately answer her questions. As for substantive unconscionability, she asserts the Agreement contained "unclear and hidden terms" that she did not "notice and understand." For example, she states she did not understand that attorney fees are negotiable, or that she had the right to have another attorney "examine

4

the [Agreement] for fairness." She states she did not fully understand how the contingency fee system worked.

Appellant's contention fails because she has not shown that respondent's superior knowledge of the law or her lack of understanding about some of the terms of the Agreement rendered the Agreement unconscionable or voidable. She does not explain how respondent took advantage of the situation, or how any of the terms of the Agreement—now that she understands what they mean—are unfair or one-sided. She does not explain what she would have done if she had known that attorney fees were negotiable, or what she might have learned from another attorney if she had retained one to "examine the [Agreement] for fairness." Because appellant has cited to nothing, either in the record or in the law, to show the Agreement was unconscionable or voidable, her contention fails.

### *Motion for continuance*

Appellant contends the trial court abused its discretion in denying her request to continue the trial. We disagree.

The "decision to grant or deny a continuance is committed to the sound discretion of the trial court." (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984; Cal. Rules of Court, rule 3.1332(d).) In making such a decision, the court may be called upon to make a factual determination as to whether to give credence to the reasons for the requested continuance. With regard to this factual determination, "the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination. . . ." (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873–874, italics omitted.) " ' "We have no power to judge of the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom." ' " (*Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 622–623.)

Here, appellant made an oral motion for a continuance on the day the matter was set for trial. She gave various reasons for the request, stating she has had a heart attack at

some unspecified point in the past, is "very tired" and "very sick," had not received certain discovery from respondent, had not been able to "get through the pile of papers" that respondent had filed, and had retained an attorney who was unavailable to represent her that day. The trial court asked for the name of the attorney and asked appellant if she had signed a retainer agreement with the attorney. Appellant provided the attorney's name and said she had not signed a retainer agreement. She stated she had not met the attorney in person but had spoken to him on the telephone, and that he had told her that a 30 day continuance "would probably be sufficient." The trial court denied appellant's request for a continuance, stating, "It doesn't sound to me like you actually have representation. Talked to an attorney about the possibility of him representing you, but today is the trial, and so I don't find good cause to continue the trial."

In light of appellant's vague representations regarding her health condition and certain discovery issues, and her failure to show she had retained an attorney to represent her at trial, we conclude the trial court did not abuse its discretion in denying the request for a continuance.

### Discovery Motions

Appellant challenges a July 3, 2012 order deeming appellant to have admitted respondent's Request for Admission, and an August 6, 2012 order denying her motion to compel certain discovery responses. The record shows as to the July 3, 2012 order that the trial court deemed appellant to have admitted respondent's Request for Admissions because she failed to timely respond to the requests. The record shows as to the August 6, 2012 order that the trial court denied appellant's motion because it was untimely filed.

Appellant does not dispute that she failed to timely respond to the Request for Admissions, and does not dispute that her motion to compel was untimely filed. She complains that she is "not an attorney skilled in the law" and was "occupied for quite some time working on [her] reply to [respondent's] extensive discovery requests and with the essentials of daily living." However, she cites no authority in support of her position that the trial court should have excused her untimeliness for those reasons. She has not

6

shown an abuse of discretion.  (See *City of Ripon v. Sweetin* (2002) 100 Cal.App.4th 887, 900 [discovery rulings are reviewed for abuse of discretion].)

### *Fraud*

Appellant contends the judgment must be reversed because respondent committed "fraud" upon the court "to influence and prejudice the judgment."  She points to several portions of his testimony that were questionable or inaccurate.  She states, for example, that he made statements to the court insinuating that he had made court appearances on her behalf on multiple occasions, even though he had only done so "once."  She asserts there was evidence suggesting that a different attorney who shares office space with respondent prepared the briefs for appellant, even though respondent stated he did.  These arguments essentially go to the issue of credibility, i.e., whether respondent was telling the truth when he testified regarding these matters, and whether the court believed him.  It is well settled that it is within the exclusive province of the trier of fact to determine credibility.  (*Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 823.)  The trial court apparently found respondent credible, and we find no reason to disturb that determination.

### *Remaining Contentions*

Appellant raises various other issues, which we decline to address.  She asserts, for example, for the first time on appeal, and without citation to the record or to any authority, that the trial court violated her constitutional rights by allowing respondent's son, who is also an attorney, to appear on behalf of respondent.  She also asserts the trial court "held a double standard when it directed respondent to untimely file his motion for judgment and other papers," but does not indicate where in the record such an order or filing can be found.  She asserts for the first time on appeal that respondent's action was barred by the statute of limitations, but fails to indicate what statute applies to his complaint.  She contends the trial court "gross[ly]" misunderstood the terms of a settlement agreement into which she entered with DMH, but fails to explain how that is relevant to the court's order for attorney fees and costs.  She asserts the trial court erred in

7

denying her request to call a certain witness at trial, but fails to explain what the relevance of that witness's testimony was to the issues set for trial.

"An appellate court is not required to consider alleged errors where the appellant merely complains of them without pertinent argument." (*Strutt v. Ontario Sav. & Loan Assn.* (1972) 28 Cal.App.3d 866, 873–874.) " 'The reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment. It is entitled to the assistance of counsel. Accordingly every brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' [Citation.] [¶] It is the duty of appellants' counsel, not of the courts, 'by argument and the citation of authorities to show that the claimed error exists.' [Citation.]" (*Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1050.) We decline to address the above contentions because appellant has not cited to the record or to any relevant legal authority in support of them, and has not provided the arguments or analysis necessary for us to conduct an adequate review.[1]

### DISPOSITION

The judgment is affirmed. Respondent Victor C. Thuesen shall recover his costs on appeal.

---

[1]We deny appellant's motions to augment filed December 24, 2012 and January 10, 2013, on the ground that she has not shown that the materials are relevant to the issues before us.

 

 

                           _____

                           McGuiness, P.J.

We concur:

_____

Siggins, J.

_____

Jenkins, J.