Filed 10/28/24  Jeffries v. Smith CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ESSIE JEFFRIES, | B330747 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCV04800) |
| v. | |
| BARBARA ANN SMITH, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Armen Tamzarian, Judge.  Affirmed.

Essie Jeffries, in pro. per., for Plaintiff and Appellant.

Stapleton & Stapleton and Victoria P. Stapleton for Defendant and Respondent.

Plaintiff Essie Jeffries (plaintiff) appeals from a judgment following a bench trial on her complaint against Barbara Ann Smith (Smith) and the Estate of Annie B. Dillard (collectively, defendants). Plaintiff's primary contention of error is that the trial court abused its discretion by denying her request to continue the trial. We consider whether the record on appeal, which is sparse, is adequate to allow us to determine whether plaintiff has overcome the presumption of correctness that attaches to the trial court's order.

## I. BACKGROUND

Plaintiff filed her original complaint on February 8, 2021, and an amended complaint in September of the same year.[1] A bench trial was originally scheduled for November 2, 2022. Less than two weeks before that date, plaintiff filed an ex parte application for an order continuing the trial and reopening discovery. Smith opposed the ex parte application. Though the case register in the appellate record indicates the trial court denied plaintiff's application, trial was rescheduled on the court's own motion to January 4, 2023.

The court held the bench trial on the rescheduled date. The minute order reflects the parties announced ready for trial. It also recites exhibits that were admitted into evidence and identifies individuals who testified at trial. The minute order further states that the court, having considered the testimony and evidence presented, found in favor of the defendant and against the plaintiff. The order after hearing, entered the

---

[1]     The record does not contain either version of the complaint.

2

following month, succinctly states the court ordered judgment in favor of defendants and against plaintiff.

## II. DISCUSSION

Plaintiff primarily contends the trial court abused its discretion when denying what she believes was her reasonable request to continue the trial.[2] In so arguing, plaintiff relies on a number of factual assertions—including, for example, that she requested the continuance because she was still awaiting discovery from a third-party. The core problem with plaintiff's arguments is that they lack support in the appellate record.

"Trial continuances are 'disfavored' and may be granted 'only on an affirmative showing of good cause.' [Citation.]" (*Reales Investment, LLC v. Johnson* (2020) 55 Cal.App.5th 463, 468.) We review a trial court's order denying a continuance for an abuse of discretion. (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984-985.) An appellant has the burden to furnish an adequate record that affirmatively demonstrates error. (See, e.g., *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956; *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.)

---

[2]     Plaintiff also briefly asserts the trial court did not enforce subpoenas served on third parties. If the assertion is meant to be an argument for reversal, it is forfeited because of the absence of reasoned argument. (E.g., *Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

With the record we have been provided in this appeal, we have no way to evaluate whether plaintiff made the requisite good cause showing or whether the trial court abused its discretion in denying plaintiff's request. The appellate record does not contain any of the relevant documents: plaintiff's written ex parte application for the continuance, Smith's opposition, or a document memorializing what occurred at the hearing on the application. As a result, the record does not support any of plaintiff's factual assertions or claims of error, and we presume the trial court's ruling was a proper exercise of its discretion.

Plaintiff's contention that the trial court effectively deprived her of an opportunity to appeal by failing to provide her with a court reporter also fails. The rule is that "an official court reporter, or other valid means to create an official verbatim record for purposes of appeal, must generally be made available to in forma pauperis litigants *upon request*." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 599, italics added.) The record here, however, does not demonstrate any such request was made for any of the relevant court dates.

In the absence of an adequate record affirmatively demonstrating error, there is no basis for holding the trial court abused its discretion by denying plaintiff's request for a continuance.

4

DISPOSITION

The judgment is affirmed.  All parties are to bear their own costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, Acting P. J.

We concur:



MOOR, J.



KIM, J.