[Civ. No. 21797. Second Dist., Div. Three. Sept. 13, 1956.]

Estate of LUCILLE HENSEL, Deceased. OTTO HENSEL, Appellant, v. RUTH LEIHY KERTZ, Respondent.

Leland J. Allen for Appellant.

Frye & Yudelson for Respondent.

VALLÉE, J.—Appeal from an order settling the first accounts current of trustees and denying an amended petition of one trustee to surcharge another.

The decree of distribution in this estate, dated January 12, 1949, pursuant to a trust created by the will, distributed half of the estate to Ruth Leihy Kertz and Otto Hensel, husband of the decedent, as trustees with directions to pay the income of the trust to the decedent's daughter, Lucy Ann Allen, during her lifetime with remainder to Otto Hensel and Ruth Kertz.

In 1954 the trustees filed separate accounts current. Ruth Kertz filed objections to the account of Hensel. Hensel filed a petition to surcharge Ruth Kertz as trustee. The petition charged various acts of malfeasance on the part of Ruth Kertz; that there was a conflict of interests between her duties as trustee and her individual interests; that she had manipulated the assets of the trust so that no income could be paid to Lucy Allen; that no income had been paid to Lucy Allen except that on October 15, 1953, the trustees paid her $385.26 from the corpus of the trust; that she should have received at least $300 a month from the trust. The petition prayed that the court, among other things, determine the net income of the trust from the date of the decree of distribution and surcharge Ruth Kertz therewith. Ruth Kertz filed an answer and objections to the petition. Hensel filed a supplemental account and amended petition for the purpose of surcharging Ruth Kertz as trustee ''with the income and assets belonging to the trust estate and withheld by her.'' The amended petition elaborated on the charges against Ruth Kertz, prayed for substantially the same relief and, in addition, for instructions to her.

All of the matters mentioned came on regularly for hearing before Judge Hansen on May 10, 1955. Counsel for Ruth Kertz objected to the hearing of the original and amended petition to surcharge on the ground the subject matter was outside the jurisdiction of the court. Judge Hansen found that all notices of the hearing had been given as required by law and that ''the Court has jurisdiction to hear the Current Account of trustees, supplement account and petition re fees and surcharges,'' and continued all the matters.

On June 16, 1955, the various matters came on regularly for hearing before Judge Daniels. The court found ''that notice of hearing on each of these matters was duly given as required by law.'' The court further found that ''at no time was the said Lucy Ann Allen made and named as a party to any of these proceedings''; concluded that ''the life beneficiary, Lucy Ann Allen, is a necessary party litigant to these proceedings and should have been included as such a party thereto,'' that ''[t]his Court is without jurisdiction to entertain the petition to surcharge Ruth Leihy Kertz at this time''; and denied the petition to surcharge Ruth Kertz without prejudice. The petition to surcharge was denied by reason of the conclusion that Lucy Allen should have been ''made and named'' a party litigant. An order was made

settling the accounts current of Hensel and Ruth Kertz. Hensel, as cotrustee and as a beneficiary of the trust, appeals from the order settling the accounts and denying the petition to surcharge Ruth Kertz.

The sole question for decision is: Was the court without jurisdiction to hear and determine the petition of Hensel to surcharge Ruth Kertz by reason of the fact that Lucy Allen, a beneficiary, was not named as a formal party in the petition to surcharge?

When a trust created by will continues after distribution the superior court does not lose jurisdiction of the estate but retains jurisdiction for the purpose, among others, of settling the accounts and passing upon the acts of the trustee. Any trustee appointed to execute a trust created by will may from time to time, pending the execution of his trust, render for settlement his accounts and report his acts as such trustee. The account and report must give the names and post office addresses, if known, of the beneficiaries. The trustee may petition the court from time to time for instructions as to the administration of the trust. "The trustee shall cause notice of the hearing to be mailed to the beneficiaries at their last known addresses, as provided in said Section 1200, whether they have requested special notice or given notice of appearance or not." (Prob. Code, § 1120.) In the present proceeding both Judge Hansen and Judge Daniels found as a fact that notice of hearing on each of the matters before him was duly given as required by law.

The superior court in the exercise of its probate jurisdiction has power to control trustees in the management of testamentary trusts. A trustee may invoke the jurisdiction of the probate court under section 1120. (*Estate of Prior,* 111 Cal.App.2d 464, 472 [244 P.2d 697].) The character and extent of the jurisdiction of the superior court sitting in probate is a matter under legislative control alone, and procedure by which that jurisdiction may be invoked and rights thereunder adjudicated is expressly laid down by statute. (*Estate of Davis,* 136 Cal. 590, 597 [69 P. 412].)

The jurisdiction of the superior court sitting in probate under section 1120 is a jurisdiction *in rem.* (*Security-First Nat. Bank* v. *Superior Court,* 1 Cal.2d 749, 755 [37 P.2d 69].) As such it is distinguished from a proceeding *in personam* in which the court obtains jurisdiction by personal service of notice on the party, or by appearance of the defendant. (20 Cal.Jur.2d 76, § 40.) The Probate Code

prescribes the manner of giving notice of the hearing of each of the matters that were before the probate court. (Prob. Code, § 1120.) When the prescribed procedure is followed, notice that the proceeding is pending and will be had at a specified time and place is deemed to have been given to all interested persons. In *Abels* v. *Frey*, 126 Cal.App. 48 [14 P.2d 594], the court stated (p. 53):

"By giving the notice prescribed by the statute, the entire world is called before the court, and the court acquires jurisdiction over all persons for the purpose of determining their rights to any portion of the estate, and every person who may assert any right or interest therein is required to present his claim to the court for its determination. Whether he appears and presents his claim, or fails to, the action of the court is equally conclusive upon him, ' "subject only to be[ing] reversed, set aside, or modified on appeal." ' The decree is as binding upon him if he fails to appear and present his claim, as if his claim, after presentation, had been disallowed by the court. . . .

"A person who is interested in the estate of a deceased person, who has had the notice required by law, becomes in point of law an actor in the proceedings, and is bound by the result." (Also see *Ringwalt* v. *Bank of America*, 3 Cal.2d 680, 684-685 [45 P.2d 967]; *Estate of Smith*, 4 Cal.App.2d 548 [41 P.2d 565].)

*Security-First Nat. Bank* v. *Superior Court*, 1 Cal.2d 749 [37 P.2d 69], declares (p. 755):

"The filing of the petition setting forth the matters required by the code sections noted [§ 1120, Probate Code; former § 1699, Code Civ. Proc.] vests jurisdiction in the probate court [citation], whether or not the allegations of the matters necessary to vest jurisdiction accord with the actual facts. [Citations.] The situation here presented calls for the same conclusions as in the case of *Murray* v. *Superior Court*, 207 Cal. 381, 385 [278 P. 1033], wherein it was held that the omission in the petition for the probate of the will of the names and addresses of the heirs, legatees and devisees, even if known to the petitioner, does not deprive the court of jurisdiction, and that when the petition is silent as to such names and addresses, they must be deemed by the clerk to be unknown and he is not required to mail copies of the published notice. The notice required by the sections is constructive notice to everyone of the pendency of the proceedings and a hearing had and order entered pursuant thereto

is conclusive upon all parties in interest. [Citations.] Absence of a personal notice in such proceeding does not deprive any person in interest of any of his constitutional rights.''

Analogous are the principles applicable in probate proceedings generally. ■ The jurisdiction of the probate court was continuing and attached to the corpus of the trust when it passed from the executor to the trustees, and the law with respect to probate of decedents' estates applies. (*Estate of Smead*, 16 Cal.2d 204, 206-207 [105 P.2d 589].) Probate Code, sections 1200 and 1202, provide for the giving of substantially the same notice to persons interested in the estate as does section 1120. Probate Code, section 1200, provides that on the filing of an account of a trustee and on the filing of a petition of a trustee for instructions the clerk shall cause notice of the time and place of the hearing thereof to be posted at the courthouse of the county where the proceedings are pending at least 10 days before the day of hearing, and that at least 10 days before the day of hearing the person filing the account or petition must cause notice of the time and place of the hearing to be mailed to all persons who have requested notice or who have given notice of appearance in the estate and that ''[p]roof of the giving of notice must be made at the hearing; and if it appears to the satisfaction of the court that said notice has been regularly given, the court shall so find in its order, and such order, when it becomes final, shall be conclusive upon all persons.'' Probate Code, section 927, provides that any person interested in the estate may appear and file written exceptions to the account of an executor or administrator and contest the same. On the rendering of an account by an executor or administrator, if notice is posted as the law requires and the representative causes notice to be mailed or personally served on interested persons who have given notice of appearance or who have requested notice, jurisdiction of the *res* is conferred on the court and all interested persons are brought before it. And after such notice has been properly given it becomes the duty of all interested persons to keep themselves informed by diligent inquiry of subsequent continuances of the hearing. (Prob. Code, § 1200; *Estate of Bell*, 58 Cal.App.2d 333, 336 [136 P.2d 804]. *Cf. Estate of Dam*, 126 Cal.App. 70, 73-78 [14 P.2d 162].)

In *Lilienkamp* v. *Superior Court*, 14 Cal.2d 293 [93 P.2d 1008], it is said (p. 298): ''Jurisdiction of the probate court is a jurisdiction *in rem*. The *res* is the decedent's estate, and

the object of the probate and administration proceedings is to secure distribution to the persons entitled to share in the estate. (*Edlund* v. *Superior Court*, 209 Cal. 690, 695 [289 P. 841].) Jurisdiction is established when the appropriate petition has been filed and the notice required by the statute has been given. The usual method is by publication, or posting, as in the partial distribution proceeding here involved, or by both. By such method notice is deemed to have been given to all persons interested that the proceeding is pending. Where there is no statutory requirement therefor, personal notice to persons interested, although their interest appears, is not essential to give the probate court jurisdiction to distribute the estate to those entitled."

*Estate of Loring,* 29 Cal.2d 423 [175 P.2d 524], says (p. 429) : "Section 1020 of the Probate Code requires that the estate be distributed only after notice has been given as provided in section 1200 of that code. The Lorings point out that under the latter section and section 1202 of the Probate Code they could have asked that special notice of the distribution proceedings be given them and contend that they are not bound by those proceedings, since they did not choose to ask for such notice. Section 1200 provides, however, in addition to the special written notice that any person interested in the estate may request, for a posted notice to 'all persons interested to appear . . . and show cause . . . why the order should not be made.' Section 1200 further provides that, if the court finds in its order that notice has been regularly given, that order, 'when it becomes final, shall be conclusive upon all persons.' A posted notice is therefore sufficient to bind a beneficiary and it appears that it is because the Legislature contemplated that he would be bound by such notice that provision was also made as a protection against possible unfairness for him to request, if he wished to do so, that he be given special written notice of the proceedings."

 In a suit in equity to remove a nontestamentary trustee, a beneficiary of the trust is not necessarily an indispensable party. "Where persons are so interested in the controversy that they should normally be made parties in order to enable the court to do complete justice, but their interests are separable from the rest, they are necessary but not indispensable parties. On the other hand, one may be an indispensable party if his interest in the subject matter of the controversy is of such a nature that a final decree cannot be rendered between the other parties to the suit

without inevitably affecting that interest. For example, where one person seeks to establish the amount of his share in certain property or in a particular trust fund, other persons with similar interests are indispensable parties." (*Bowles* v. *Superior Court,* 44 Cal.2d 574, 583 [283 P.2d 704].)

 And failure to join a necessary party does not go to the jurisdiction of the court. (*Id.*) Nor, in the absence of a statute to the contrary, is it necessary to the exercise of jurisdiction to appoint a new trustee in case of a vacancy that the beneficiaries of the trust be joined in the proceeding or notified in advance of the court's action. (*Id., p.* 584). Further, in the present proceeding Lucy Allen is a represented party, represented by trustee Hensel; hence she is a party in legal effect and need not be "made and named" a formal party. "The principle applies to those who are indispensable to a complete determination of the controversy as well as to one who is merely a proper or necessary party, and we are of the view that the trustee removal action is a proper representative suit." (*Bowles* v. *Superior Court,* 44 Cal.2d 574, 586 [283 P.2d 704].) Hensel, in seeking to have Ruth Kertz surcharged, is acting on behalf of Lucy Allen, the beneficiary.

 The petition to surcharge Ruth Kertz was but an exception to her account. (*Cf. Estate of Whitney,* 124 Cal. App. 109 [11 P.2d 1107] ; *Estate of Vokal,* 121 Cal.App.2d 252 [263 P.2d 64].) If on the hearing of her account it appeared she should have been surcharged for trust assets withheld by her, there can be no doubt but that the probate court had jurisdiction to do so. As an implied power stemming from the power to settle a trustee's account and determine what trust property he has in his hands, the superior court sitting in probate has jurisdiction to determine as against the trustee the amount of money and property of the trust estate which has come into his hands for the purpose of charging him therewith, and in determining that question to determine all issues necessarily incidental thereto. (*Bauer* v. *Bauer,* 201 Cal. 267, 272 [256 P. 820] ; *Estate of Fulton,* 188 Cal. 489, 490 [205 P. 681].) And an order entered in a proceeding under section 1120 pursuant to statutory notice is conclusive on all parties in interest. (*Security-First Nat. Bank* v. *Superior Court,* 1 Cal.2d 749, 756 [37 P.2d 69].)

 As found by the court, Lucy Allen was given the notice prescribed by section 1120. By the giving of that

notice she was made a party to the proceedings and is bound thereby. It was not essential to give the probate court jurisdiction to hear and determine the petition to surcharge Ruth Kertz that Lucy Allen be named as a formal party litigant in the proceedings.

If there are several trustees, each trustee is under a duty to the beneficiary to use reasonable care to prevent a cotrustee from committing a breach of trust or to compel a cotrustee to redress a breach of trust. (Rest., Trusts, §§ 184, 200, com. d.) If there was a breach by Ruth Kertz it was the duty of Hensel to seek redress. It is the duty of Ruth Kertz to fully reimburse the trust estate and her cotrustee for all assets withheld by her, if any.

The balance chargeable to the trustees cannot be ascertained until the petition to surcharge has been heard and determined. Since each trustee is chargeable with the entire estate and must account therefor (*Estate of Whitney,* 124 Cal.App. 109, 118-119, 125 [11 P.2d 1107]), it was error to settle the accounts of the trustees before the court determined whether Ruth Kertz should be surcharged for all assets alleged to have been withheld by her.

The objection on the ground the court was without jurisdiction was made at the opening of the hearing. The court declined to rule on the objection at that time. It proceeded to take testimony for some three days, after which and the submission of briefs it ruled it was without jurisdiction. Appellant suggests that in the event of a reversal, in view of these facts we should direct that the matters be heard by the judge who heard the evidence in order that he may decide the issues and thus save time, expense, and repetition of evidence which has already been received. That is the function of the presiding judge of the superior court who, no doubt, on application will give the matter due consideration.

The order appealed from is reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied October 4, 1956, and respondent's petition for a hearing by the Supreme Court was denied November 8, 1956.