[Civ. No. 28705.    Second Dist., Div. Two.    Jan. 13, 1965.]

MELINDA A. COBERLY, a Minor., etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; SECURITY-FIRST NATIONAL BANK, Real Party in Interest.

686

George I. Devor and Howard P. Miller for Petitioner.

No appearance for Respondent.

Trippet, Yoakum & Ballantyne, Oscar A. Trippet and Thomas A. Carver for Real Party in Interest.

FLEMING, J.—Petition for writ of mandate to set aside an order of the superior court in probate, which struck objections to the first account of a testamentary trustee, denied motions to produce documents, quashed subpoenas duces tecum, and stayed the taking of depositions.

Melinda A. Coberly, the beneficiary of a testamentary trust created by her grandfather, filed objections to the petition of the trustee, Security-First National Bank, for approval of its first account and for trustee's and attorney's fees. Her objections charged neglect of duty by the bank in connection with the delayed sale of the principal asset of the trust, shares of stock representing a minority interest in a closed corporation, and asked that the bank be surcharged with the amount of the loss caused by its neglect of duty as trustee. No hearing on the petition for approval of the first account and for fees

688

has been held. Rather the objections of Melinda A. Coberly were stricken by the court, and her attempts at discovery were quashed.

The theory of the bank in obtaining this order was that the beneficiary was not entitled to complain of neglect of duty in the administration of the trust, because the terms of the will creating the trust gave the trustee absolute discretion in the management of its assets. Further, the bank argued, discovery procedures are not available for general use in probate proceedings.

With these theories we do not agree.

■ It appears to us that a hearing on a testamentary trustee's petition for approval of its accounts is the proper time and place for a beneficiary to raise the issue of the trustee's neglect of duty or failure to properly discharge its office. (*Estate of Hensel,* 144 Cal.App.2d 429, 437 [301 P.2d 105]; *Estate of Talbot,* 141 Cal.App.2d 309 [296 P.2d 848, 58 A.L.R.2d 658].) ■ Indeed failure to challenge the trustee's accounting at that time would in all probability preclude any challenge at a later date and make everything in the accounts res adjudicata. (Prob. Code, § 1123; *Willson* v. *Security-First Nat. Bank,* 21 Cal.2d 705, 709, 712, 713 [134 P.2d 800]; *Security-First Nat. Bank* v. *Superior Court,* 1 Cal.2d 749, 755 [37 P.2d 69].)

■ The bank, although conceding that it must account, argues that the beneficiary may not question any neglect of duty connected with the sale or retention of assets because the will gave it absolute discretion in the management and sale of trust property, and that therefore the objections of the beneficiary to the bank's petition for approval of its accounts were properly stricken. The bank relies primarily on Civil Code, section 2269:

"A discretionary power conferred upon a trustee is presumed not to be left to his arbitrary discretion, but may be controlled by the proper court if not reasonably exercised, unless an absolute discretion is clearly conferred by the declaration of trust."

We do not understand that this provision of the Civil Code operates to relieve the Security Bank from the performance of its duty and the exercise of its judgment, or gives the bank immunity from tort liability in the administration of the trust, or permits it to escape its responsibility of justifying its acts in a court of law. ■ By accepting the office of trustee the bank became subject to those obligations of fidelity

and diligence which attach to the office. (Cardozo, J., in *Carrier* v. *Carrier*, 226 N.Y. 114, 125 [123 N.E. 135, 138].)

A failure to act or a failure to carry out its responsibilities in accordance with acceptable standards amounts to a neglect of duty for whose consequences the bank may be held liable in damages or by surcharge of its accounts. (*Estate of McCabe*, 98 Cal.App.2d 503 [220 P.2d 614].)

What standards must be met by a trustee which has been given absolute discretion in the administration of a trust?

A grant of absolute discretion to a trustee to administer assets does not mean it can do as it pleases, but rather that the grantor has waived the requirement that the conduct of the trustee at all times satisfy the standard of judgment and care exercised by a reasonable, prudent man. As summarized in Restatement Second of Trusts, section 187j, words of absolute discretion in a trust are not interpreted literally but are ordinarily construed as merely dispensing with the standard of reasonableness. The trustee is still required to avoid arbitrary action and to use its best judgment. A grant of absolute discretion in dealing with trust assets may entitle a trustee to speculate, concentrate, buy and sell for appreciation, assume large risks. It does not authorize a trustee to neglect its trust or abdicate its judgment.

This general rule is likewise the rule in California. (*Estate of Ferrall*, 41 Cal.2d 166, 173-174 [258 P.2d 1009] ; *Estate of Miller*, 230 Cal.App.2d 888, 907 ff. [41 Cal.Rptr. 410] ; *Estate of Lackmann*, 156 Cal.App.2d 674, 678 ff. [320 P.2d 186].)

When a specific charge of neglect of duty is raised we do not believe a trustee may hide behind the skirts of an absolute discretion. Trustees are bound to use such talents as they possess. Absolute discretion may excuse a trustee from acting prudently but not from tending to business. The exercise of judgment by a professional trustee, even if not required to satisfy the standard of a reasonable, prudent man, is the very purpose for which the trustee was employed, and exculpatory powers in the trust instrument are strictly construed. It ill behooves a professional trustee, holding itself out during the solicitation of business as a repository of special competence and expertise, to claim on an accounting it need not answer the charge of neglect of duty. A banker, a doctor, a lawyer, may not gain business as a specialist and defend mistakes as a layman. (*Estate of Ferrall*, 41 Cal.2d 166, 174 [258 P.2d 1009] ; Bogert, Trust & Trustees (2d ed.) § 542.)

We believe that a grant of absolute discretion in the management of a trust still requires a professional trustee to affirmatively exercise its judgment in handling the trust assets, and that a beneficiary's objections which state ". . . the said trustee negligently and carelessly failed to properly administer or manage said trust [and] . . . [t]hat as a proximate result of said negligence . . . objector has been deprived of a reasonable return on the assets [and] . . . has sustained a loss in the sum of $50,721.46 from the sale of said shares . . ." raise issues of an abuse of discretion and a failure to exercise the bank's judgment which the bank should be required to meet. The bank may have done all within its power to do in the management of the trust, or it may have neglected the affairs of the trust and abused its discretion. The beneficiary is entitled to her day in court in order to find out.

On the mechanics of the proceedings we believe that discovery procedures are generally available for use in probate accountings. The Discovery Act permits the taking of depositions in an action or in a special proceeding. (Code Civ. Proc., § 2016, subd. (a).) An action is defined in the Discovery Act as including a special proceeding of a civil nature (Code Civ. Proc., § 2035). Probate matters fall within the category of special proceedings. (Code Civ. Proc., §§ 21, 22, 23; *Estate of Joseph,* 118 Cal. 660 [50 P. 768].)

In our view discovery procedures adopted in 1957 for use in civil matters are generally available for use in probate proceedings. The limited rights of discovery under the provisions of a Probate Code adopted in 1949 have been superseded by a general statute relating to discovery in civil proceedings adopted in 1957.[1] If, as we believe, the issue of neglect of duty is properly to be litigated at a hearing on the approval of the trustee's accounts, then petitioner is entitled to the necessary tools to enable her to unearth relevant facts so that she may present her objections in an expeditious and orderly fashion at the hearing, rather than learn the text of documents and the testimony of witnesses for the first time at the hearing itself.

These tools include a full inspection of documents. (*Strauss v. Superior Court,* 36 Cal.2d 396, 401-402 [224 P.2d 726]; *Union Trust Co. v. Superior Court,* 11 Cal.2d 449 [81 P.2d 150, 118 A.L.R. 259].) They likewise encompass the other

[1]Prob. Code, § 1233, Stats. 1949, ch. 1509; Code Civ. Proc., §§ 2016-2035, added by Stats. 1957, ch. 1904, operative January 1, 1958.

devices of discovery, including depositions, to the extent set forth in the Code of Civil Procedure. ▮▮▮ The safeguards of those rules against abuse of discovery and absence of good cause are available to the bank, as to any other litigant.

The writ of mandate is granted, with instructions to the trial court to vacate its order and issue such further orders as may be consistent with this opinion. Petitioner is awarded costs.

Herndon, Acting P. J., and Kincaid, J. pro tem.,* concurred.

A petition for rehearing was denied on February 8, 1965, and the opinion and judgment were modified to read as printed above.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.