PER CURIAM.
The appellants Ambrose Payiasis and' Mary Payiasis filed a suit in equity in Dade-County against J. Harvey Robillard for an. accounting. The defendant answered, and' counterclaimed for accounting. Without being heard on the merits, the suit was dismissed on the ground that plaintiffs were-not “proper parties to seek an accounting.”' The dismissal was made with prejudice as-to plaintiffs, but “without prejudice as tO' the rights of Legal Representatives of the Estate of Mattie E. Warren, a/k/a Marcia. Warren, deceased.” The counterclaim also-was dismissed without determining the-merits thereof. The plaintiffs have appealed, and the determinative question is-whether they were entitled to maintain such a suit. We conclude that they were, and" that the chancellor was in error in holding-otherwise.
The pleadings and attached exhibits disclosed the following: In 1958 Mrs. Warren,. *631 who was 89 years of age, was owner of a one half interest in a hotel in which she resided and which was operated by the appellants as lessees. When, during that year her needs appeared to so require, she entered a convalescent home. Thereafter the hotel was sold, through a sale arranged and handled by Mr. Robillard, who was Mrs. Warren’s attorney. The sale was closed in January of 1959, and produced $32,000 subject to a $6,000 first mortgage. Mrs. Warren’s share of the proceeds of the sale remained in the hands of the attorney. On March 16, 1959, Mrs. Warren, whose husband had pre-deceased her, executed an instrument with a dual purpose. It served as her will and also as an inter vivos trust by which she placed her assets in Mr. Ro-billard’s possession, and charged him and Mr. and Mrs. Payiasis with the duty of ■handling her property during the remainder ■of her life and of applying it for her needs. 'The will named Robillard as her “Executor and Trustee,” and provided that upon her ■death he and Mr. and Mrs. Payiasis should share the net assets remaining. Mrs. Warren had made a number of prior wills which ■contained bequests to others, but they were revoked and replaced by this instrument of March 16, 1959, the body of which was as follows:
“I, Mattie N. Warren, also known as Marcia Warren, of Dade County, Florida, being of sound and disposing mind and memory, do hereby ordain, publish and declare this to be my Last Will and Testament, hereby revoking any and all wills and codicils by me at .any time heretofore made.
“First: I order and declare that my Executor hereinafter named pay all my just debts, funeral expenses and taxes, if any, as soon after my decease as conveniently may be.
“Second: Inasmuch as, due to the infirmities of age, it is difficult for me ■to look after all of my personal affairs, I hereby place and entrust same to my .Executor and Trustee hereinafter named, with the assistance of my good friends, Mary and Ambrose Payiasis, during the remainder of my natural life, they to see that I am given adequate care and general looking after according to their best knowledge, judgment and discretion.
“Third: If there should be any money or other property left after the paying of all of said debts, funeral and other expense, together with the expense of administration, I give, devise and bequeath such remainder as there may be in my estate, one-half (}/¡) thereof to my good friends Mary and Ambrose Payiasis, and one-half (Vá) to my good friend and Attorney J. Harvey Robillard.
“Fourth: I hereby nominate, constitute and appoint J. Harvey Robillard as Executor and Trustee under this my Last Will and Testament and including the above directions during the remainder of my natural life, with all powers necessary and convenient to convert any property remaining into cash and make the division as herein-above set forth, and it is further directed that he be not required to furnish any Bond or security as such.
“In Witness Whereof, I have hereunto subscribed my name and affixed my seal this 16th day of March, 1959.”
Mrs. Warren died on November 4, 1960, and the above quoted instrument was probated as her will on November 14, 1960. The inventory, when filed, showed $3,834.94.
 The designation of Robillard in the above instrument as “Trustee” necessarily had reference to his acting as trustee thereunder while Mrs. Warren lived. Otherwise it was pointless because no trust was created for performance after her death. But since paragraph Second of the instrument created a trust and imposed trust duties on Mr. Robillard and on Mr. and Mrs. Payiasis, their status as “trustees” was established in spite of the fact the in *632 strument did not so designate them.[1] Therefore, Mr. and Mrs. Payiasis were entitled to file and maintain their suit for accounting against Mr. Robillard as their co-trustee. A trustee may seek accounting from a co-trustee.[2] Moreover, as their bases for accounting were certain allegedly improper disbursements by the co-trustee, not only were the plaintiffs entitled to seek an accounting but were under a duty to proceed against the co-trustee for appropriate relief.[3]
During the course of the argument in this court the attorneys for the parties made reference to and discussed the facts that after this accounting suit was dismissed an administrator ad litem was appointed in Mrs. Warren’s estate,[4] and that a suit for accounting had been filed by the administrator ad litem against Robillard and was pending in another division of the circuit court.
On behalf of the appellees it was argued that the accounting suit by the administrator ad litem rendered moot and replaced the accounting claim of the appellants. Appellants replied by pointing out that the accounting they sought related principally to a period prior to the death of the testatrix, and that it had not been determined in the trial court whether the accounting suit by the administrator ad litem is limited to matters occurring after the death of the testatrix or will reach matters-occurring prior thereto. Appellants argued that their right to maintain a suit for accounting should be recognized for the reason just stated, and for the further reasons that if their suit does not parallel that of the administrator ad litem the two may proceed separately, and even if both suits cover the same matters which occurred either before or after the death of the testatrix, the two suits still may proceed because both they and the administrator ad litem are entitled to sue for the accounting. We agree with that position taken by appellants. It is for the trial court to determine whether the suit for accounting by these appellants and the suit by the administrator ad litem represent a duplication of effort, and, if so-, then to determine whether the two suits should proceed separately or be consolidated.
Accordingly the decree appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.

. Walker v. Close, 98 Fla. 1103, 125 So. 521, 525, rehearing denied 98 Fla. 1103, 126 So. 289; Voorhies v. Blood, 127 Fla. 337, 173 So. 705, 708 ; 33 Fla.Jur., Trusts §§ 10,17.

. Equitable Trust Co. v. Schwebel, E.D. Pa.1940, 32 F.Supp. 241, 243, affi’d 3 Cir. 1941, 117 F.2d 738; Wilson v. Board of Directors of City Trusts, 324 Pa. 545, 188 A. 588, 594; Bogert, Trusts and Trustees, § 961 at p. 10 (2d ed. 1962); Scott, Trusts § 200.2 (2d ed. 1956). See In re De Beixedon’s Will, 262 N.Y. 168; 186 N.E. 431, 432; St. James Church of Christ Holiness v. Superior Court, 135 Cal.App.2d 352, 287 P.2d 387.

. In re Estate of Hensel, 144 Cal.App.2d 429, 301 P.2d 105, 111; Scott, Trusts §§ 184, 224.5 (2d ed. 1956); Restatement (Second), Trusts §§ 184, 224, illustration e (1959).

. Under § 732.55, Fla.Stat., F.S.A., due to obvious conflict in interest of the named executor.