Filed 12/12/25  McMartin-Rosenquist v. Mayberry CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JAY McMARTIN-ROSENQUIST,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SCOTT MAYBERRY as Trustee, etc.,<br><br>    Defendant and Respondent. | A170379<br><br>(Mendocino County<br>Super. Ct. No. 22PR00129) |
| ROBERT ROSENQUIST,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>BEVERLY BARBER as Trustee, etc.,<br><br>    Defendant and Respondent. | A170381<br><br>(Mendocino County<br>Super. Ct. No. 22PR00130) |

Jay McMartin-Rosenquist and Robert Rosenquist appeal from probate court orders finding they had waived an accounting of trusts pursuant to their settlement with the trustees, and then approving the actions of the trustees.  They argue (1) "procedural irregularities" deprived them of sufficient notice and opportunity to be heard on the orders, and (2) the court's findings on waiver and approval of the trustees' actions lacked sufficient support.  We affirm.

1

McMartin-Rosenquist is a beneficiary of the Bowman and Company Irrevocable Trust (Bowman and Company Trust). Rosenquist is a beneficiary of the Gayle Bowman Trust. After Gayle Bowman died in 2022, appellants each filed a petition in probate court regarding the respective trusts. Among other things, the operative petitions requested an accounting of the trusts from the trustees. Jennifer Carlson and Scott Mayberry were identified as the then-current trustees of the Bowman and Company Trust. Carlson was also identified as the then-current trustee of the Gayle Bowman Trust.

## A. Settlement Conference

On October 12, 2023, the parties attended a settlement conference on both matters. At the conclusion of the conference, the probate court announced, "it appears that we have reached a resolution to resolve both of these cases and avoid a trial that was scheduled to last for three weeks." The court then asked counsel to state the terms of settlement on the record.

Appellants' counsel began with the settlement as to the Gayle Bowman Trust, and identified various terms related to real and personal property. Counsel continued: "So there would be a stipulation that the terms of the settlement are enforceable pursuant to Code of Civil Procedure [section] 664.6,[1] the petitions will be dismissed with prejudice, and each side is to bear their own attorney fees and costs." Respondents' counsel added: "Yes. And a [Civil Code section] 1542 waiver."[2] Appellants' counsel responded: "Yes."

---

[1] Code of Civil Procedure section 664.6, subdivision (a) allows a court to "retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

[2] Civil Code section 1542 otherwise provides, in relevant part, that a general release does not extend to claims the releasing party "does not know or suspect to exist in his or her favor at the time of executing the release and

2

Respondents' counsel then stated: "And there's no accounting needed for that. Does that sound correct for that?" There was some discussion off the record. Appellants' counsel then stated: "It's entered in every settlement in California. When – when you settle, you dismiss the petition. [¶] But, also, you release all the claims arising out of the petition, known or unknown. [¶] So it's – an example is where it's usually used is a personal injury case, where someone settles and they sign this [Civil Code section] 1542 waiver. [¶] So if they're more injured than they realize and later on find that out, they can't sue again."

The probate court asked counsel if they were going to reduce the terms to writing. Respondents' counsel stated: "Yeah. We can do that. This should be fully enforceable. Yes we will follow up in writing."

The court then asked the parties to the Gayle Bowman Trust petition if they agreed with the settlement terms and conditions as expressed by counsel. Rosenquist responded, "Yes." Carlson responded, "Yeah." The other beneficiary of the Gayle Bowman Trust was also in attendance. When the court asked if she was also in agreement, she responded, "Yeah."

Respondents' counsel then turned to the settlement as to the Bowman and Company Trust, again identifying various terms related to real and personal property as well as other assets. Counsel continued: "Other than that, it's the 664.6 1542 waiver. These are on the costs and fees. No accounting is needed." Appellants' counsel clarified: "The settlement is enforceable by the terms of the California Code of Civil Procedure [section] 664.6. [¶] And there will be a mutual release pursuant to Civil Code section – or a waiver of Civil Code section 1542."

_____

that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

3

The court then asked the parties to the Bowman and Company Trust petition if they agreed with the terms and conditions as outlined by counsel. McMartin-Rosenquist responded, "Yes." Mayberry responded, "Yes, Your Honor." The court noted Carlson was no longer a trustee on the Bowman and Company Trust, but asked if she was also in agreement. Carlson first addressed an issue of personal property raised by McMartin-Rosenquist, and then responded, "That's fine."

The probate court concluded: "Okay. So it appears we have a settlement. It's on the record." The court also noted it would retain jurisdiction over the parties to enforce the settlement and would "be available to make sure that the settlement goes through."

## B. Interim Hearing

Counsel exchanged drafts of a written settlement agreement, but were not able to execute any such agreement because of disagreements among the parties. Counsel requested a hearing on these disagreements and filed briefs for the court's consideration. Appellants' brief attached the most recent draft of the written settlement agreement in the Bowman and Company Trust matter. The draft included the following provision: "Waiver of accounting. All parties expressly waive any accountings of the Bowman and Company Trust." It also included a Civil Code section 1542 waiver, stating the agreement "is a full and final compromise and settlement and a general release by the Parties that applies not only to all Released Claims, but also to all unknown and unanticipated claims, of whatever sort, by reason of any act, omission, transaction or event occurring on or before the effective date of this Agreement."

Appellants' brief identified the disagreements between the parties, including language related to personal property, payments to a trustee, and

4

signatures needed on the settlement agreements. It did not identify any dispute regarding the waiver of accounting. The brief also included an issue "not discussed at the settlement conference." It argued McMartin-Rosenquist should be allowed to make a claim under Probate Code section 850[3] against a third-party financial advisor of the Bowman and Company Trust for purported "fraud" committed on Gayle Bowman.

At the hearing on November 15, 2023, the probate court noted it had met with counsel, counsel then met with their respective parties, and the court (upon confirming no objection by respondents) then met with appellants. It stated the "[Probate Code section] 850 petition issue" could not be resolved that day. Accordingly, the court directed the parties to "go ahead and set the motion to enforce the settlement under [Code of Civil Procedure section] 664.6" because "we have briefing regarding the potential motion, but not the actual motion itself."

When discussing the briefing schedule, appellants' counsel stated: "I don't know if we really need more briefing" because "everything I wanted briefed is in the briefs I submitted for today." Respondents' counsel indicated they would file the formal motion, but additional briefing would be "helpful" to "isolate the issues to remain," suggesting the papers be submitted by December 7, 2023. Respondents' counsel continued: "And then I think we also will be submitting a proposed – two proposed orders to the Court regarding the waiver of accounting and approval of actions." The court responded, "Okay." Respondents' counsel asked: "Would that be also appropriate maybe to submit in time for the Court to execute on the 11th?" The court responded, "Absolutely."

---

[3] All further undesignated statutory references are to the Probate Code.

Before the conclusion of the hearing, appellants' counsel requested an update from respondents about what issue(s) might remain. Respondents' counsel stated it was "primarily" the "[section] 850" issue, but went on to describe other issues related to personal property and payments to one of the trustees. Appellants' counsel then sought clarification from the court that new briefs would be due simultaneously on December 7th, four days before the hearing. The court confirmed, "[o]n the 7th." Appellants' counsel responded, "Okay."

### C. Motion To Enforce Settlement and Proposed Orders

On December 7, 2023, respondents' counsel sent a motion to enforce the settlement, along with supporting memorandum, declarations, and the two proposed orders, for e-filing with the probate court. While respondents' counsel later received notice rejecting the e-filing and stating "The Court apologizes that this was not filed timely," counsel had also sent these documents to the probate court judge, clerk, and appellants' counsel directly via e-mail.[4]

The motion argued appellants' section 850 claims against third-party financial planners, advisors, and representatives were barred and released under the terms of the settlement. It also included other arguments regarding distribution, property expenses, and inventory. The motion requested approval of the trustees' actions. It stated: "All parties waived an accounting. The petitioners were put on notice that the trustees want an

---

[4] We grant respondents' motion to augment the record to include this motion with memorandum, declarations, and proposed orders. Even if the e-filing was technically rejected due to apparent court error, respondents have shown the documents were at least lodged with the court. (Cal. Rules of Court, rule 8.155, subd. (a)(1)(A) [reviewing court may order the record augmented on motion of a party to include any document "filed or lodged in the case in superior court"].)

6

approval of actions. That is being submitted to the Court for entry on December 11." It argued: "The court can approve trustees' actions, especially where an accounting has been waived. We can file a series of Petitions for Instructions for every step and action, but that is (or should be) an unnecessary expense."

The proposed orders read: "The court finds that the beneficiaries of The [Bowman and Company Trust or Gayle Bowman Trust] have waived the account of Trustee for the entire trust administration period through the date of settlement: October 12, 2023. All acts and transactions of the current Trustee and all former Trustees during the trust administration are hereby ratified, confirmed, and approved. [¶] All acts and transactions of the current Trustee and all former Trustee[s] through the date of this hearing, December 11, 2023, are hereby ratified, confirmed, and approved."

Appellants' counsel filed an opposition to the motion on December 7th. It stated: "On October 12, 2023, the parties to these two consolidated trust petitions reached a global settlement at a Court supervised mandatory settlement conference and put the terms of their settlement agreement on the record." It argued that the settlement put on the record did not preclude McMartin-Rosenquist from making claims as a trust beneficiary against third-party financial advisors for the Bowman and Company Trust. It also addressed other arguments regarding distribution, property expenses, and inventory. The opposition did not identify any issue regarding the waivers of accounting or the proposed orders.

### D. Written Settlement Agreement

On December 8, 2023, McMartin-Rosenquist signed a written settlement agreement in the Bowman and Company Trust matter. The agreement included the following provision: "Waiver of accounting.

7

Pursuant to the agreement put on the record at the October 12, 2023 Mandatory Settlement Conference, all parties expressly waive any accountings of the Bowman and Company Trust." It included a Civil Code section 1542 waiver with the same language from the previous draft. Carlson and Mayberry also signed the agreement, but did so after the December 11, 2023 hearing on the motion. No written agreement on the Gayle Bowman Trust was executed.

### E. Motion Hearing

At the December 11, 2023 hearing on the motion, the probate court began with the section 850 issue. It agreed with appellants that their ability to file a section 850 petition against financial planners was not part of the parties' October 12, 2023 settlement. The court stated it could not "amend" the settlement to "add any language" regarding this issue. While the court referenced its previous statements that it didn't "really think they're going to have much success" filing any such petition, it explained it could not "prevent" appellants from doing so.

Respondents' counsel addressed their concern that appellants would raise some claim against the trustees, including for being "jointly and severally liable [f]or the accountants or lawyers or anyone else." The court responded, "I think the [Civil Code section] 1542 waiver would prevent them from filing any actions whatsoever, plus my order, against Jennifer or Scott. I – I don't know that that's a risk." Appellants' counsel added: "Less is more. We have an agreement, the terms of which are clear, and we just never agreed to go this far, nor would they have agreed to that because they did plan on making claims against [financial advisor] and these other third parties." He continued: "And when I – when I said global settlement in my

8

brief, I was talking about all the parties in both cases, not third parties or people like advisors or so forth."

The probate court thus found McMartin-Rosenquist had not released all claims she may have had against third-party financial advisors. It then made findings about the other issues raised in the parties' briefs regarding distribution, property expenses, and inventory.

The probate court also stated it was "prepared to sign" the proposed orders as "consistent with the discussions we've had and the settlement." It explained it would sign those orders "right now," and then the parties would "need to figure out your language in the settlement agreement" based on the discussion at the hearing. Appellants' counsel responded, "Okay."

Respondents' counsel clarified that he had submitted two proposed orders, one for the Bowman and Company Trust and the other for the Gayle Bowman Trust. The court indicated it had both proposed orders and would sign both. Appellants' counsel then asked: "So those just say there's a waiver in accounting and approve the trustee's conduct . . . through today?" The court responded, "Yes." Appellants' counsel then stated: "Just for the record, we would object to the part that says approving the trustee's conduct through today because it's vague and I'm not sure what it refers to, but I know you're going to do what you want to do." The court responded, "I'm going to sign it."

The court issued the two orders as proposed. McMartin-Rosenquist filed a timely notice of appeal from the order entered in the Bowman and Company Trust matter. Rosenquist filed a timely notice of appeal from the order entered in the Gayle Bowman Trust matter. We granted appellants' motion to consolidate their appeals in the two related matters. According to respondents, Carlson died in early 2024 and the sole trustee of the Gayle Bowman Trust is now Beverly Barber.

9

Appellants reject any characterization of their consolidated appeal as "a broader referendum on the validity of the settlement agreement itself." It is instead narrow in scope, challenging only the two orders finding they had waived an accounting of the trusts and approving the actions of the trustees. Appellants argue these orders should be reversed for two primary reasons. First, they contend "procedural irregularities" deprived them of sufficient notice and opportunity to be heard. Second, they argue the probate court's findings on waiver of accounting and its approval of the trustees' actions lacked sufficient support.

What appellants overlook, however, is that they have forfeited these arguments. As a general rule, claims of error are forfeited by appellants' failure to raise them in the court below. (E.g., *People v. Avila* (2009) 46 Cal.4th 680, 729 [defendant forfeited argument on determination of restitution fine by failing to assert it below]; *People v. Howard* (2010) 51 Cal.4th 15, 26 [defendant waived challenge to jury process for failure to raise in trial court].) The record shows appellants did not raise any of the arguments here in the probate court.

At the December 11, 2023 hearing, appellants' counsel raised only one objection to the orders: that the language regarding the time frame of approval of the trustees' actions ("through the date of this hearing") was vague. Appellants did not, in their opposition to the motion or at either of the hearings, raise any other challenge to the orders. Accordingly, we deem the arguments forfeited.

Appellants offer nothing to support a contrary conclusion. As for their arguments about procedure, it is "well established that a lack of notice can be forfeited by failure to object, even when it is claimed that it violated due

10

process." (*People v. Nguyen* (2017) 18 Cal.App.5th 260, 271.) Appellants appear to suggest we exercise our discretion to consider the arguments because they involve only questions of law. As a preliminary matter, we are under no "mandatory duty" to do so. (*Wittenberg v. Bornstein* (2020) 51 Cal.App.5th 556, 567.) In any event, appellants' arguments about procedure are specific to disputed facts about the proceedings here. (*People v. Scott (*1994) 9 Cal.4th 331, 355 [fact-specific errors "are not readily susceptible of correction on appeal"].) They do not raise pure questions of law.

As for their arguments that the orders lacked sufficient support, appellants correctly note that a substantial evidence challenge to a judgment can be an exception to the general rule on forfeiture. (*Tahoe National Bank v. Phillips* (1971) 4 Cal.3d 11, 23, fn. 17.) But this exception is only available to parties who otherwise contested the judgment below. (*Id.* at pp. 16–17 & fn. 5 [appellant failed to object to certain evidence offered to prove interpretation of document at trial but argued against such interpretation].) "Parties may generally challenge the sufficiency of the evidence to support a judgment for the first time on appeal because they 'necessarily objected' to the sufficiency of the evidence by 'contesting [it] at trial.'" (*People v. McCullough* (2013) 56 Cal.4th 589, 596.) Appellants did not contest entry of the orders here.

Even if not forfeited, however, we are unpersuaded by the merits of the arguments. We address, and reject, them in turn.

## I.  Procedure for Orders

Appellants contend there were "procedural irregularities" that denied them sufficient notice and opportunity to be heard on the orders. They offer five specific arguments to support their position.

11

## A.  Need for "New" Motion

Appellants concede the probate court had authority to schedule briefing on the motion to enforce the settlement for December 7th, four days before the hearing.  (Code Civ. Proc., § 1005, subd. (b) [setting 16-day default for filing and serving motion before hearing "[u]nless otherwise ordered"]; Cal. Rules of Court, rule 3.1300(b) [court order shortening time].)  But appellants argue instead that the proposed orders should have been treated as a "new motion," and there was no "showing of good cause" presented to justify a shorter briefing schedule for this new motion.  Appellants offer no basis to conclude a separate motion was required.  The proposed orders were part of respondents' request to enforce the terms of the settlement:  they argued the parties had agreed to waivers of accounting and, based on the parties' waivers, the probate court could approve the trustees' actions.

Nor do appellants explain their proffered basis for any required showing of good cause.  (Cf. Cal. Rules of Court, rule 3.1300(b) [explaining court may issue order "on its own motion," as an alternative to application with declaration showing good cause].)  Even assuming such a requirement, the court and parties agreed that the December 7th schedule was appropriate because they had already submitted briefing on the issues that had arisen regarding settlement terms, and appellants' counsel stated "everything I wanted briefed is in the briefs I submitted for today."  Appellants had not raised any dispute regarding the waivers of accounting.  There was good cause to include the proposed orders in the December 7th schedule.

Appellants alternatively contend it is "at best unclear" the probate court "intended to shorten the statutorily required briefing schedule on the new issue."  Not so.  The record shows the court was well aware it had set the schedule for both the briefs and proposed orders.  When specifically asked by

12

respondents' counsel whether the schedule would provide enough time for execution of the proposed orders, the court responded, "Absolutely."

## B. Due Process

Appellants argue the "compressed timeline" of the orders violated their due process rights. They contend the notice was insufficient to enable them "to determine what was being proposed and what effects it would have on their interests," as "the record shows that appellants objected that they didn't know what the orders referred to" and they received these orders in the "unexpected absence" of other orders to enforce the overall agreement.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (*Mullane v. Central Hanover Tr. Co.* (1950) 339 U.S. 306, 314.) "The notice must be of such nature as reasonably to convey the required information [citation], and it must afford a reasonable time for those interested to make their appearance." (*Ibid.*) "But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied." (*Id.* at pp. 314–315.)

At the November 15, 2023 hearing, respondents' counsel stated they would be submitting "two proposed orders to the Court regarding the waiver of accounting and approval of actions." On December 7, 2023, respondents included the proposed orders with their motion to enforce the settlement. The request for approval was also expressly stated in the motion itself, along with argument supporting the request. Then, at the December 11, 2023 hearing, appellants had the opportunity to raise any objection to the orders. Despite their contention to the contrary, the record shows appellants knew

13

"what the orders referred to." Appellants' counsel confirmed the orders would "say there's a waiver in accounting and approve the trustee's conduct." He then objected to one phrase in the orders as vague. Considering these circumstances, we conclude appellants were given reasonable notice and opportunity to be heard on the orders.

### C. Scope of Hearing

Appellants argue the orders "exceeded the scope of the noticed hearing" on December 11, 2023, and respondents had failed to meet and confer prior to that hearing. As for the scope of the hearing, appellants largely repeat their position that the orders were not properly included in the motion to enforce the settlement. We reject this argument for the same reasons set forth above. As for the meet and confer, appellants do not specify any proffered requirement on a motion to enforce settlement under Code of Civil Procedure section 664.6. (Cf. Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2025) ¶ 12:950 ["Where the statutory requirements are met, the court may, upon motion, enter judgment pursuant to the terms of a settlement agreement."].)

Even assuming such requirement, the record reflects the parties met and conferred here. After agreeing to the terms of settlement on the record, the parties attempted to reduce the settlement to writing. Drafts were exchanged that included a waiver of accounting. The parties met and conferred regarding disputes that had arisen during this process, and ultimately sought court intervention to resolve these disputes. No dispute regarding the waiver of accounting was raised. Then, at the November 15, 2023 hearing, respondents indicated they would be submitting the proposed orders with the formal motion.

14

**D. Statement of Decision**

Appellants also argue the timeline of the orders prevented them from requesting a statement of decision. But appellants offer no specific argument as to why the probate court would have been required to grant any such request here. (*Gruendl v. Oewel Partnership, Inc.* (1997) 55 Cal.App.4th 654, 660 [noting general rule that no statement of decision is required after a ruling on a motion, but may be considered based on the balancing of certain factors].) Nor are we persuaded that the lack of a statement of decision deprives appellants of the court's reasoning in entering the orders. At the December 11, 2023 hearing, the court explained it was signing the orders as "consistent with the discussions we've had and the settlement."

**E. Motion Not "Filed"**

Appellants argue, without supporting authority, that because the motion was not technically "filed," they lacked meaningful notice on the orders and the court lacked jurisdiction or authority to enter them. We deem the argument forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(B) [each brief must state each point under separate heading or subheading]; *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2007) 157 Cal.App.4th 835, 844, fn. 3 [contentions forfeited for failure to present argument and appropriate legal authorities].)[5]

Even if the argument were not forfeited, we are not persuaded. The record shows that, while the e-filing was technically rejected due to apparent

---

[5] We granted appellants' application seeking leave to file supplemental briefing, but only as to an alternative ground of forfeiture for failure to raise this argument in the opening brief. (*Doe v. California Dept. of Justice* (2009) 173 Cal.App.4th 1095, 1115 [issue raised for first time in reply brief is forfeited].) The supplemental brief explains that, when the opening brief was filed, the appellate record did not yet include the motion papers and thus the technical filing issue could not be raised at that time. ~(SuppBrf 4-5)~ Even

15

court error, respondents had submitted the motion, supporting memorandum, declarations, and proposed orders directly to the probate court and appellants via e-mail. At the December 11, 2023 hearing, the court confirmed it had received both proposed orders and would sign both. Remarks by appellants' counsel further suggest they had received the proposed orders, as he confirmed the nature of the orders and then objected to specific language in the orders as vague.

## II. Support for Orders

Beyond these procedural arguments, appellants look to the substance of the orders and contend the probate court lacked sufficient support to enter them. The orders contain two provisions. First, the court found the beneficiaries of each trust had "waived the account of Trustee for the entire trust administration period through the date of settlement: October 12, 2023." Second, the court "ratified, confirmed, and approved" the acts of the trustees.

Respondents' motion to enforce settlement argued this first provision was consistent with the terms of the October 12, 2023 settlement because all parties had "waived an accounting." The motion then argued the second provision was appropriate because the probate court could approve the trustees' actions given the waivers in settlement. The court agreed, and

---

accepting this explanation, it does not change the result here because the argument is otherwise forfeited and unpersuasive on its merits.

The supplemental brief also includes other argument beyond the scope of our order, which we do not address as improper. And we deny appellants' concurrent request for judicial notice of a recent trial court filing as unnecessary and unhelpful to our resolution of this appeal. (See *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6.)

signed the orders as "consistent with the discussions we've had and the settlement."

Accordingly, we need not and do not address appellants' arguments about the evidence (or lack thereof) supporting the trustees' actions. The probate court did not issue the orders on this basis, and respondents do not argue the orders should be affirmed because of any such evidence. We also reject appellants' attempt to characterize the court's comments on the effect of its orders as indicative of its intent to preempt or discourage appellants' third-party claims. That is plainly contrary to the record, which shows the court signed the orders upon finding the parties had waived an accounting under the settlement and then approved the trustees' actions given the waivers therein.

Accordingly, we turn to appellants' arguments regarding (1) whether there was sufficient evidence to support the court's findings on waiver; and (2) whether the court erred in approving the trustees' actions given the parties' waivers.

## A. Waiver of Accounting

Appellants argue there was insufficient evidence to support the probate court's findings that the parties had waived an accounting of the trusts in their settlement. " 'When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact.' " (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) On a substantial evidence challenge, we " 'consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every

17

reasonable inference, and resolving conflicts in support of the [findings].' " (*Estate of Young* (2008) 160 Cal.App.4th 62, 76.)

Applying this standard, we conclude the probate court's findings on waiver of accounting were supported by substantial evidence. When counsel read the terms of the October 12, 2023 settlement for each trust into the record, they stated "[n]o accounting" would be "needed." Counsel continued that "all the claims arising out of the petition, known or unknown" would be released pursuant to Civil Code section 1542 waivers. When the parties were asked if they agreed with the settlement terms and conditions as expressed by counsel, each responded in the affirmative.

Then, when attempting to reduce the settlement to writing, the parties exchanged drafts that included a waiver of accounting and a Civil Code section 1542 waiver. On December 8, 2023, McMartin-Rosenquist signed a written agreement that included both a section 1542 waiver and the following provision: "Waiver of accounting. Pursuant to the agreement put on the record at the October 12, 2023 Mandatory Settlement Conference, all parties expressly waive any accountings of the Bowman and Company Trust." Mayberry and Carlson signed that written agreement after the December 11, 2023 conference. Appellants object that this evidence cannot be considered because it postdates the October 12, 2023 settlement. But "[a] party's conduct occurring between execution of the contract and a dispute about the meaning of the contract's terms may reveal what the parties understood and intended those terms to mean. For this reason, evidence of such conduct . . . is admissible to resolve ambiguities in the contract's language." (*City of Hope National Medical Center v. Genentech, Inc.* (2008) 43 Cal.4th 375, 393.)

18

Appellants argue in the alternative that, even if they had agreed to waivers of accounting on October 12, 2023, it was a "conditional" or "partial" settlement because the parties had not reached agreement on "all material terms." But appellants do not specify what those terms were, and no such terms were identified in counsel's recitation on the record. To the extent appellants are referring to the section 850 petition issue, the probate court explained this issue was not part of the parties' settlement and it could not "add any language" preventing such petition against third parties. That dispute did not render the settlement between the parties conditional or partial. To the extent appellants are referring to the parties' agreement to reduce the terms of their settlement to a formal writing, that writing " 'does not alter the binding validity of the original contract.' " (*Skirball v. RKO Radio Pictures, Inc.* (1955) 134 Cal.App.2d 843, 861.)

Appellants' contention is further belied by their own representations to the probate court. Opposing the motion to enforce the settlement, appellants stated: "On October 12, 2023, the parties to these two consolidated trust petitions reached a global settlement at a Court supervised mandatory settlement conference and put the terms of their settlement agreement on the record." And at the hearing on the motion, appellants' counsel confirmed "when I said global settlement in my brief, I was talking about all the parties in both cases."

### B. Approval of Trustee Actions

Appellants contend the probate court erred in approving the actions of the trustees. But they offer no specific argument or authority that such approval constitutes legal error when it is based on the parties' waiver of accounting and release of claims pursuant to Civil Code section 1542 waivers. We deem any such argument forfeited. (Cal. Rules of Court, rule

19

8.204(a)(1)(B); *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.*, *supra*, 157 Cal.App.4th at p. 844, fn. 3; *Doe v. California Dept. of Justice*, *supra*, 173 Cal.App.4th at p. 1115.)

Even if not forfeited, we are not persuaded the court committed error under the circumstances here. Probate courts have the authority to conduct certain proceedings when a trustee or beneficiary files a petition concerning the internal affairs of a trust. (§ 17200, subd. (a).) This includes proceedings for the purpose of "passing upon the acts of the trustee." (*Id.*, subd. (b)(5).) Here, appellants each filed a petition pursuant to section 17200 related to the Bowman and Company Trust and Gayle Bowman Trust as beneficiaries of those trusts. While those petitions were pending, respondents requested the court approve the actions of the trustees.

As detailed above, appellants waived an accounting of the trusts in the settlement. Appellants also released all claims against the trustees, "known or unknown," pursuant to the Civil Code section 1542 waivers. The other beneficiary of the Gayle Bowman Trust also agreed to these waivers. Once the beneficiaries of the trusts had waived the accounting and released their claims against the trustees, they could no longer challenge the trustees' actions. (See *Coberly v. Superior Court* (1965) 231 Cal.App.2d 685, 688 [explaining that failure to challenge trustee's accounting would "in all probability preclude any challenge at a later date and make everything in the accounts res []judicata"]; see also 2 Cal. Transactions Forms: Estate Planning (West 2025) § 13:82 ["Once the beneficiary waives the account and releases the Trustee, the beneficiary may no longer bring an action against the trustee for the trustee's acts during the administration of the trust."].) Moreover, we understand the probate court's approval of the trustees' actions here to be expressly without prejudice to whatever claims appellants have against third

20

parties. The parties do not argue otherwise, and that understanding is consistent with the probate court's finding (made at the same time as the approval) that appellants could pursue those claims because they were not part of the settlement.

In sum, we conclude the probate court did not err in its orders on the waiver of accounting and approval of the trustees' actions.

## DISPOSITION

The orders are affirmed. Respondents are entitled to recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

PETROU, J

WE CONCUR:

TUCHER, P. J.

RODRÍGUEZ, J.


*McMartin-Rosenquist v. Mayberry* (A170379/A170381)